## COSMOPOLITAN TRUST COMPANY *vs.* RICCARDO CIARLA.

Suffolk.    March 23, 24, 1921. — May 28, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract*, Construction.    *Bills and Notes*, Consideration.    *Bank.*

Upon payment to a bank by a customer on May 2, 1919, of $642.30 in cash and a note for $700, payable on demand, the bank issued to him a document bearing that date, entitled " Foreign Currency Deposit Receipt," and stating that the bank " has on deposit with its correspondent at Genoa, Italy, the sum of Ten thousand Lire for account of . . . [the customer] and agrees, upon demand, on surrender of this receipt properly endorsed, that the same shall be paid, plus interest at the rate of 2% per annum from date hereof.   This receipt is payable, at the option of the holder, either by a check for the foreign amount payable at said Genoa, Italy or by the . . . [bank] in Boston, in U. S. Dollars, at its then current buying rate of exchange."   On the date stated, the bank had on deposit with banks of good standing in Genoa credit in Italian currency more than equalling 10,000 lire and all other obligations of a similar nature outstanding against it and continued to do so until January 1, 1920.   On September 25, 1920, while it maintained the balance of more than 10,000 lire in Genoa and balances elsewhere in larger amounts, its outstanding obligations of the character above described were more than twice as large as its deposits, and on that date under the provisions of St. 1910, c. 399, the commissioner of banks took possession of the bank's property and business.   The bank never had in any bank in Italy any money in the customer's name nor had any been placed there to his credit or in his name.   Previous to the commissioner's action, no demand upon the bank had been made by the customer and no demand upon the customer by the bank, but the customer paid interest on the note to February 1, 1920.   On December 1, 1920, the commissioner demanded payment of the note and the customer demanded the return of $642.50 and the note.   *Held,* that

(1) From the " Foreign Currency Deposit Receipt " it was plain that it was not the purpose of the customer to have the lire placed in his name to his credit at the correspondent bank;

(2) Until the option of the customer was exercised by a demand on the bank for check or money, the bank could not be in default nor could there be a breach of the contract evidenced by the receipt;

(3) The contract did not require that the optional drawing accounts of all persons holding receipts of a nature similar to the one held by the customer should be protected at all times by deposits in Italy or elsewhere in a sum sufficient to pay any draft, check or demand when presented;

(4) The right of the customer and the right of the bank and their obligations, the one to the other, were to be measured as of the date September 25, 1920, when by operation of law the bank was forbidden further to prosecute its business or to control the disposition of its property;

(5) The bank was entitled to recover from the customer $700 with interest from February 1, 1920;

(6) The customer was entitled to recover from the bank the value of 10,000 Italian lire on September 25, 1920, with two per cent interest thereon from the date of the " Receipt " to September 25, 1920, and six per cent interest on the amount so determined from September 25, 1920, to the date of judgment.

CONTRACT upon a promissory note, with a declaration in set-off, as described in the opinion. Writ dated December 1, 1920.

In the Superior Court the action was heard by *McLaughlin,* J., without a jury, upon an agreed statement of facts. He ruled, and reserved and reported the case as follows: " I am of opinion that upon the facts the plaintiff committed a breach of its contract with the defendant of May 2, 1919, by its failure to maintain abroad at all times an amount of credits equal to all its outstanding obligations of a similar character . . . that such breach of the plaintiff's contract gives the defendant the right to rescind the same and therefore there should be judgment for the defendant in the principal action and a judgment for the defendant upon his declaration in set-off against the plaintiff for $642.30 with interest to the date of the filing of the declaration in set-off. But if such breach of contract does not give the defendant the right to rescind, then the plaintiff is entitled to recover from the defendant upon the promissory note declared on in the amount of $700 with interest from February 1, 1920, and the defendant (plaintiff in set-off) is entitled to recover from the plaintiff the sum of $365, which is the value of 10,000 Italian Lire on February 2, 1920, the date of the filing of the declaration in set-off, increased by two per cent from May 2, 1919, to February 2, 1921, and judgment should be entered for the respective parties accordingly. Both parties requesting it I hereby reserve the case and the aforesaid finding and decision, and report the case, the agreed facts hereto appended and all questions of law for determination by the Supreme Judicial Court. Such judgment to be entered as justice may require. It is agreed by both parties that any needed amendments of the pleadings may be made or may be considered as made."

*H. W. Brown,* (*H. O. Cushman* with him,) for the plaintiff.

*C. F. Keating,* for the defendant.

PIERCE, J. This is an action of contract on a promissory note of the defendant, whereby the defendant promises to pay the

plaintiff $700 on demand, at the office of the plaintiff, with interest at six per cent. The defendant in set-off filed a declaration to recover $642.30, as money had and received by the plaintiff to the use of the defendant. The case was heard without a jury in the Superior Court upon an agreed statement of facts. The trial judge made alternative findings and rulings; and, both parties requesting it, reserved and reported the case upon the agreed facts to this court. " It is agreed by both parties that any needed amendments of the pleadings may be made or may be considered as made."

The agreed facts in substance are as follows:

On May 2, 1919, the defendant paid to the plaintiff in cash $642.30, and $700 by a promissory note on demand with interest, a total sum of $1,342.30. In consideration thereof the plaintiff executed and delivered to the defendant the following instrument entitled "Foreign Currency Deposit Receipt: "

" Cosmopolitan Trust Co.

Number 1764                    Foreign Amount

Lit. 10,000

Boston, Mass., May 2, 1919

The Cosmopolitan Trust Company has on deposit with it's correspondent at Genoa, Italy the sum of Ten thousand 00/100 Lire for account of Riccardo Ciarla and agrees, upon demand, on surrender of this receipt properly endorsed, that the same shall be paid, plus interest at the rate of 2% per annum from date hereof.

This receipt is payable, at the option of the holder, either by a check for the foreign amount payable at said Genoa, Italy or by the Cosmopolitan Trust Co. in Boston, in U. S. Dollars, at its then current buying rate of exchange.

Cosmopolitan Trust Company
(Signed) by George M. Rich
Treasurer.

(Endorsed) Riccardo Ciarla."

On May 2, 1919, the plaintiff had on deposit with banks of good financial standing in Genoa, Italy, credit in Italian currency to an amount more than equal to the 10,000 lire named in the above copied " Foreign Currency Deposit Receipt," and all other obligations of a similar nature then outstanding against it, and continuously thereafter maintained such a deposit until on or about January 1, 1920. It did not at any time have in the name of the defendant, or place to his credit or in his name, any sum of money in any bank in Italy. Since January 1, 1920, it has maintained its balance of 10,000 lire or more in Genoa, and balances in Italian currency in banks in Italy in much larger amounts than that called for by the " Receipt," but not equivalent at all times to the amount of its outstanding obligations of that character, namely, 10,471,547 lire outstanding on September 25, 1920, against 4,553,785 Italian lire bank balances. From May 2, 1919, to September 25, 1919, the plaintiff made no demand upon the defendant for the payment of the $700 note, and the defendant made no demand upon the plaintiff under or in any way relating to the agreement above copied. The defendant paid interest on the note as provided therein down to and including February 1, 1920.

On September 25, 1920, the commissioner of banks, under the provisions of St. 1910, c. 399, took possession of the property and business of the plaintiff and now has in his possession and control the property and business of the plaintiff, and is in the exercise of the powers and duties imposed upon him by the statute cited. On December 1, 1920, the commissioner of banks demanded of the defendant payment of the note; and at the same time the defendant demanded of the plaintiff the return to him of the said sum of $642.30 and the cancellation and return of the $700 note, and offered to surrender the receipt.

Upon the foregoing facts the defendant seeks to defeat the claim of the plaintiff to recover upon the note, and to establish his own right to recover upon his declaration in set-off $642.30, for the reasons (1) that the plaintiff " did not at any time have in the name of the defendant or place to his credit or in his name any sum of money in any bank in Italy;" and (2) that the plaintiff did not maintain abroad at all times since January 1, 1920, an amount of credits equal to all its outstanding obligations of a similar nature,

although having at all times balances in Italian currency in Genoa. and in banks in Italy in much larger amounts than 10,000 lire. We think it plain that neither contention is sound in law. Manifestly the statement of the contract that the plaintiff "has on deposit with it's correspondent at Genoa, Italy the sum of Ten thousand 00/100 Lire for account of Riccardo Ciarla" could not be true in fact at the time the "Receipt" was purchased nor until the corresponding bank upon notification from the plaintiff should place the lire to the account or in the name of the defendant. The receipt makes it plain that it was not the purpose of the defendant. to have the lire placed in his name to his credit at the correspondent bank, by the provision of the instrument that the "receipt is payable, at the option of the holder, either by a check for the foreign amount payable at said Genoa, Italy or by the Cosmopolitan Trust Co. in Boston, in U. S. Dollars, at its then current buying rate of exchange." Until the option of the defendant was exercised by a demand on the plaintiff for check or money, the plaintiff could not be in default nor could there be a breach of its contract. If we assume the receipt contract required of the plaintiff that after May 2, 1919, it should keep on deposit with its correspondent bank in Genoa 10,000 lire to meet any check which it should draw on that bank and deliver to the defendant, the admitted facts establish that it kept such a balance until its property was taken from it by the bank commissioner on September 25, 1920. There is not a word in the receipt which can be construed into an agreement express or implied that the optional drawing accounts of all persons holding receipts of a nature similar to the one held by the defendant should be protected at all times by deposits in Italy or elsewhere in a sum sufficient to pay any draft, check or demand when presented.

We think the right of the defendant and the right of the plaintiff and their obligations the one to the other are to be measured as of the date when by operation of law the plaintiff was forbidden to prosecute further its business or to control the disposition of its property. That day was September 25, 1920, when the bank commissioner seized the plaintiff's property. On September 25, 1920, the 10,000 lire had an exchange value of $420. It follows that the plaintiff is entitled to recover the amount of the note, $700, with interest at six per cent from February 1, 1920; and the

plaintiff in set-off is entitled to recover $420 with two per cent interest on that amount to September 25, 1920, and interest on the whole amount so ascertained from September 25, 1920, to the date of judgment. Judgment is to be entered for the respective parties accordingly.

*So ordered.*