FEDERAL TRUST COMPANY *vs.* THE STATE BANK.

Suffolk.   October 19, 1921. — June 26, 1922.

Present: RUGG, C.J., CROSBY, CARROLL, & JENNEY, JJ.

*Contract*, Validity.   *Bank.*

A contract for the sale of one hundred thousand Russian roubles may be made by a bank organized under R. L. c. 115, without violating either § 30 of that act, which provides that "a bank shall carry on . . . the usual business of banking," or the prohibition in § 38 that "No bank shall use any of its moneys, goods, chattels or effects in trade or commerce."

Upon exceptions by the defendant after a finding for the plaintiff in an action against a bank organized under R. L. c. 115, for breach of a contract to deliver Russian roubles, the defendant contended that the contract was unenforceable because the defendant had no authority to engage in "trade or commerce," and it was *held* that on the record there was nothing to show that the defendant had not acquired ownership of the roubles which were the subject of the contract in such way as to warrant it in making a lawful contract to sell them.

CONTRACT to recover damages for failure to deliver one hundred thousand Russian roubles.   Writ dated April 16, 1918.

In the Superior Court the action was tried before *O'Connell*, J. Material evidence is described in the opinion.   At the close of the plaintiff's evidence, the defendant moved that a verdict be ordered in its favor.   The motion was denied.   The defendant then requested the judge to rule as follows:

"1.  Upon all the evidence the defendant is entitled to a verdict.

"2.  The defendant is organized under R. L. c. 115.   By § 30, its business is limited in the following words: the bank 'may receive deposits, and may loan and negotiate its moneys and effects by discounting on banking principles upon such security as the stockholders consider expedient.'   The contract set forth in the plaintiff's declaration for the delivery of 100,000 Russian roubles in the future is not part of the usual business of such a bank and is not part of the business of receiving deposits or of loaning or negotiating the moneys of the bank by discounting on banking principles.

"3.  Chapter 115, § 38, limits the powers of the bank by providing that 'No bank shall use any of its moneys, goods, chattels

or effects in trade or commerce.' The contract set forth in the declaration is a transaction in trade or commerce and is therefore rendered nugatory by R. L. c. 115, § 38.

"4. The proposed sale and delivery of Russian roubles to be delivered in the future is a transaction in trade or commerce and is beyond the powers of the bank, and the bank couldn't lawfully be held liable on such a contract.

"5. To engage in the business of selling Russian roubles is engaging in trade or commerce, and a contract made by a bank organized under R. L. c. 115, to deliver 100,000 Russian roubles in the future does not subject the bank to liability on such a contract.

"6. The bank's power to make a contract for the delivery of Russian roubles in the future, depends upon R. L. c. 115, which are open to the public inspection, and the person with whom the bank is contracting has in legal contemplation as much knowledge of the provision and effect of the statute as the bank itself. The plaintiff having, in legal contemplation the knowledge of the limited powers of the defendant bank, is not entitled to recover."

The judge refused to rule as requested. The jury returned a verdict for the plaintiff in the sum of $7,352.50; and the defendant alleged exceptions.

*I. Harris,* (*M. A. Kamm* with him,) for the defendant.

*J. P. Fagan,* (*J. E. Cotter* with him,) for the plaintiff.

RUGG, C.J. This is an action to recover damages for failure to deliver Russian roubles according to written contract. The agreement of the defendant under date of January 31, 1918, confirmed "sale to you [the plaintiff] today of one hundred thousand (100,000) cash Roubles Russian bank notes to be delivered to you within six or eight weeks from date" at stated price and denominations. The only defence is that the defendant was not authorized by law to make such a contract.

The defendant was organized under R. L. c. 115. That chapter is not included in the General Laws by reason of St. 1918, c. 12, which forbade future incorporations under said c. 115 but continued its provisions as to banks already incorporated thereunder. It was provided in § 30 of said c. 115, "A bank shall carry on . . . the usual business of banking . . . may receive deposits, and may loan and negotiate its moneys and effects by discounting

on banking principles upon such security as the stockholders consider expedient." In § 38 of the same chapter was this prohibition: "No bank shall use any of its moneys, goods, chattels or effects in trade or commerce." The single question presented is whether it could have been ruled as matter of law that the contract here in suit was in violation of either § 30 or § 38.

There was ample evidence from those familiar with banking tending to show that banks in this Commonwealth and particularly in Boston usually and generally bought and sold and dealt in Russian roubles and other foreign currency, that Russian roubles were bank notes issued by the Imperial Bank of Russia and were the currency of Russia at the time in question. The selling of foreign currency cannot be said as matter of law to be beyond the lawful power of a bank. Whether it was a part of "the usual business of banking" within the meaning of those words in § 30 was a question of fact. It rightly was left to the jury. The verdict has established that such selling is within the scope of ordinary banking business in Boston and hence that it was not in violation of § 38. *Portland Bank* v. *Storer,* 7 Mass. 433.

Even if dealing in Russian roubles were "trade or commerce" within the prohibition of those words in § 38, there is nothing in this record to show that the defendant had not acquired ownership of the roubles which were the subject of this contract in such way as to warrant it in making lawful contract to sell them. *Fortier* v. *New Orleans National Bank,* 112 U. S. 439, 451. *Schuyler National Bank* v. *Gadsden,* 191 U. S. 451.

*Exceptions overruled.*