LOUIS V. MATHER *vs.* BOSTON AND MAINE RAILROAD RELIEF ASSOCIATION.

LOUIS V. MATHER, executor, *vs.* SAME.

Middlesex.   October 21, 1925. — November 25, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Mutual Assessment Association. Insurance,* Life. *Contract,* Implied.

A mutual assessment association, organized and operating under St. 1882, c. 244, § 1, issued to a member, after the death of his wife who formerly had been a beneficiary under his beneficiary certificate, a new certificate of benefit payable in case of his death to a son. The son, although living with him, was not then dependent upon him. In an action by the son against the association after the death of the certificate holder eight years later, it was *held,* that

(1) The son not being dependent upon his father, the description of him as beneficiary was unauthorized under St. 1882, c. 244, § 1, and he could not maintain the action;

(2) During his lifetime, the certificate holder might have changed his beneficiary, and, his retention of membership with this right of substitution if he so desired being subsisting and valuable rights or privileges conferred upon him by the association for which he had paid dues and assessments, the executor of his will could not maintain an action for the assessments and dues as for money had and received by the association for his use, the consideration not having failed.

CONTRACT by the beneficiary named in a beneficiary certificate issued by the defendant to Thomas Mather, late of Malden. Writ dated August 14, 1922. Also, an action of

CONTRACT by the executor of the will of Thomas Mather for $1,000, money alleged to be due by reason of the defendant's failure to comply with the terms of a contract of beneficiary insurance. Writ dated August 14, 1922.

In the Superior Court, the facts were agreed upon. Material facts are described in the opinion. The cases were heard by *Macleod,* J., without a jury. He found for the defendant in both actions and, at the request of the parties, reported the actions to this court "on the pleadings and agreed facts with the stipulation that judgment shall be entered in the two cases as law and equity shall require."

*D. Powers,* for the plaintiff, submitted a brief.

*G. C. Coit,* for the defendant.

BRALEY, J. The defendant is a mutual assessment association organized and operating under St. 1882, c. 244, § 1, and by St. 1902, c. 214, § 1, it was exempted from the provisions of R. L. c. 119, relating to fraternal beneficiary corporations. The father of the plaintiff, Thomas Mather, the testator, a member of the association, held at his death, January 4, 1922, a certificate of insurance dated June 9, 1913, in which the defendant agreed to pay to Louis V. Mather, "son of the assured," if living, and if he was not living, to pay to the legal beneficiary of the certificate holder within sixty days after proof of death, one assessment which in no event should exceed $1,000.

But it was decided in *Smith* v. *Boston & Maine Railroad Relief Association,* 168 Mass. 213, 214, that the words "their families" in St. 1882, c. 244, § 1, under which the certificate in question was issued, names, "primarily persons living with the member and dependent upon him for help in their

support." While Louis V. Mather was unmarried, and living with his father in the same house, he was not dependent on him for support on June 9, 1913. The designation of the plaintiff was, therefore, unauthorized, and in the first action there can be no recovery even if the parties mutually acted in good faith, and supposed the contract was valid. *Lamothe* v. *Société St. Jean Baptiste,* 244 Mass. 189.

The second action is for moneys paid by the testator for dues and assessments from June 9, 1913, to January 4, 1922, and the amount claimed is described in the agreed facts as entire. See *Hill* v. *Rewee,* 11 Met. 268. It is contended that there has been a total failure of consideration which entitled the plaintiff to repayment. *Stone* v. *Knight,* 23 Pick. 95. *Dill* v. *Wareham,* 7 Met. 438, 447. To retain his membership the testator, however, not only was required to pay the dues and assessments as they became due under the by-laws, but he could have obtained a new certificate in the name of either of his four children including Louis, if the beneficiary was living with and was dependent upon him within the meaning of the statute. The certificate in suit was a reissued certificate, because Mrs. Mather, the original beneficiary in the first certificate, had deceased. The designation was treated by the defendant as ambulatory. If he remained in good standing, as the record shows, the old and invalid certificate could have been cancelled, and, if circumstances permitted, a new certificate obtained designating another and lawful beneficiary. *Morville* v. *American Tract Society,* 123 Mass. 129, 136. The retention of membership with this right of substitution, if he so desired, were subsisting and valuable rights or privileges for which he had paid the dues and assessments, return of which is sought. The cases of *Brown* v. *Harris,* 2 Gray, 359, *Earle* v. *Bickford,* 6 Allen, 549, *Hill* v. *American Legion of Honor,* 178 Mass. 145, and *Cohen* v. *Wintman,* 236 Mass. 471, cited by the plaintiff are distinguishable. And, the plaintiff having failed to prove that the defendant retained money which in equity and good conscience belonged to his testator, judgment for the defendant is to be entered in the second, as well as in the first action. *Cole* v. *Bates,* 184 Mass. 558.

*So ordered.*