SIDNEY BUCKMAN *vs.* AMERICAN EXPRESS COMPANY.

Suffolk.    November 8, 1927. — January 14, 1928.

Present: BRALEY, CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* For transfer of funds to foreign country, Performance and breach, Implied.

In an action against an express company for money had and received, there was evidence warranting findings that, in 1917, the plaintiff had received from customers orders to deposit rubles to their several accounts in the Imperial Russian Savings Bank in Petrograd, Russia, delivered the applications to the defendant with sufficient money in the currency of the United States to make the deposit in rubles at the rate of exchange current at that time, and to pay the defendant its profits, charges and expenses of returning the bank books. The defendant forwarded the applications to its office in Petrograd, but the money

never was deposited with the Imperial Russian Savings Bank because changes brought about by the Russian revolution made that impossible. The plaintiff on several occasions had requested the defendant to return the money. *Held*, that a finding of failure of consideration was warranted, and, if found, the plaintiff was entitled to maintain the action.

CONTRACT, with a declaration described in the opinion. Writ dated November 12, 1923.

In the Superior Court, the action was tried before *Flynn*, J. Material evidence is stated in the opinion. At the close of the evidence the judge ordered a verdict for the defendant and reported the action to this court with the stipulation that if, on the competent evidence, the case should have been submitted to the jury, a verdict was to be entered for the plaintiff in the sum of $3,477.25 with interest from the date of the writ; otherwise judgment was to be entered for the defendant.

*J. J. Donahue*, for the plaintiff.

*G. K. Gardner*, for the defendant.

BRALEY, J. This is an action of contract to recover nine separate sums paid to the defendant for transmission to Russia for the account of individuals with whom the plaintiff was dealing in the course of his business of selling foreign exchange. Count 19 of the declaration has been waived. The odd counts of the remaining eighteen are for breach of contract and the even counts are for money had and received. The defendant's exceptions to the admission of evidence not having been argued are treated as waived.

The jury on the testimony would have been warranted in finding the following facts: Between September 14, 1917, and December 13, 1917, the plaintiff received from nine customers orders to deposit rubles to their several accounts in the Imperial Russian Savings Bank in Petrograd, Russia. Each of these nine applications was delivered to the defendant by the plaintiff with sufficient money in the currency of the United States to make the deposit in rubles at the rate of exchange current at that time, and to pay the defendant its profits, charges and expenses of returning the bank books. The defendant had its own office in Petrograd to which the applications were forwarded. The defendant's office in

Petrograd, however, never deposited the money in the Imperial Russian Savings Bank because the changes brought about by the Russian revolution made this impossible. One Rehburg, called as a witness by the plaintiff, testified in regard to banks in Russia after the revolution as follows: "They [the Bolshevik Government] seized them; the banks were all closed from the first days of the revolution; they wouldn't belong to any private companies; they would belong to all the people, to the government, particularly the Soviet Government . . . . Later there was another decree that the banks would be reopened again for the people but not as private banks, — as banks of the government; as branches of the Soviet Government Bank . . . ." The plaintiff on several occasions requested the defendant to return the money paid to it but no money has been refunded to the plaintiff or his customers. The reason why the defendant did not perform the contract was based on an excusable impossibility caused by the revolution. But this does not prevent the plaintiff from rescinding the contract and recovering back the payments made. *Cochrane* v. *Forbes,* 257 Mass. 135, 149, 150, 152, and cases cited.

In view of the fact that the jury could find that the defendant had not carried out its obligation to make deposits through its Petrograd office in the Imperial Savings Bank in the names of the various customers of the plaintiff, the contract was executory and not completed as in *American Express Co.* v. *Cosmopolitan Trust Co.* 239 Mass. 249, 252, 253, and *Beecher* v. *Cosmopolitan Trust Co.* 239 Mass. 48. In the case at bar the consideration has failed. *Gage* v. *Boston National Bank,* 257 Mass. 449, 453. If, as the jury could find, the defendant made no deposits in the Russian bank, it has suffered no financial loss which should be shared by the plaintiff.

It follows that in accordance with the stipulation of the parties judgment is to be entered for the plaintiff in the sum of $3,477.25 with interest from the date of the writ.

*So ordered.*