WILLIAM H. PLUMER & others *vs.* HOUGHTON & DUTTON
COMPANY.

Suffolk.    October 4, 1932. — November 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Contract*, Abrogation.  *Equity Jurisdiction*, Receivership proceedings.
*Receiver*.  *Equity Pleading and Practice*, Decree, Appeal.

In a suit in equity against a corporation for a receiver, it appeared that
the defendant was financially embarrassed, although possessed of
sufficient assets to cover its liabilities; and a receiver was appointed.
A claim thereafter was filed with the receiver, as to which the fol-
lowing facts appeared:  About two years previous to the commence-
ment of the suit, the corporation needed money to pay certain obli-
gations, and the claimant advanced a certain sum of money which
was used for that purpose and executed with the corporation a con-
tract providing that he should not be a creditor of the corporation
for the sum so advanced but should take stock in the corporation
in payment.  No stock ever was issued to the claimant, nor offered
nor demanded.  The claim filed with the receiver was for the sum
so advanced by the claimant and not for the value of the stock to
which he was entitled.  An interlocutory decree was entered disal-
lowing the claim, from which the claimant appealed.  *Held*, that
(1) The appeal properly was before this court, since the decree
was in substance a final decree in dealing with the claim;
(2) The right of the claimant to seek a return of the consideration
which he had furnished by reason of his not having received the stock
to which he was entitled under his contract with the corporation,
instead of the value of the stock, existed only if the failure of con-
sideration went to the essence of the contract and amounted to an
abrogation thereof;
(3) The appointment of the receiver was not such an abrogation of
the contract as to entitle the claimant to disregard the contract and
to recover the consideration which he had furnished;
(4) The claim properly was disallowed.

BILL IN EQUITY, filed in the Superior Court on Decem-
ber 1, 1930, for the appointment of a receiver of the de-
fendant.

After the appointment of receivers, Erving P. Morse,
trustee under the will of Mary C. Houghton, filed a proof

of claim with the receivers, as described in the opinion. The claim was referred to a master. Material facts found by the master are stated in the opinion. By order of *Weed, J.,* there were entered an interlocutory decree confirming the master's report as modified in a certain particular; and an interlocutory decree disallowing the claim. The claimant appealed from the second decree.

F. P. *Garland,* for Erving P. Morse, trustee.

R. C. *Evarts,* (A. L. *Hyland* with him,) for receivers of Houghton & Dutton Company.

LUMMUS, J. At the suit of creditors who alleged that the defendant corporation was financially embarrassed though possessed of sufficient assets to cover its liabilities, and upon its answer admitting all the allegations of the bill and consenting to the appointment, receivers of its assets were appointed on December 9, 1930. Proceedings in liquidation of its assets came before this court in *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, and before the United States Circuit Court of Appeals for the First Circuit in *Park Lane Dresses, Inc.* v. *Houghton & Dutton Co.* 54 Fed. Rep. (2d) 33. The present appeal is that of Erving P. Morse as trustee under the will of Mary C. Houghton from a decree, styled an interlocutory decree but in substance a final decree upon the matter with which it deals (*Kingsley* v. *Fall River,* 280 Mass. 395, *Yorkshire Investment & American Mortgage Co. Ltd.* v. *Fowler,* 78 Fed. Rep. 56), disallowing a claim of said trustee for $99,624.35 which he sought to prove against the assets in the hands of the receivers. The decree was based upon the report of a master, whose findings of fact are final since in the absence of the evidence this court has no means of reviewing them.

It appears from the master's report that toward the end of the year 1928 the defendant corporation owed about $300,000 to three banks, and was required to pay that indebtedness in order to retain its credit for borrowing in the future. By arrangement with the banks, the corporation raised $200,000 by pledge of its instalment accounts,

and on January 15, 1929, $99,624.35 more was furnished in securities by the trust estate under the will of Mary C. Houghton, of which Erving P. Morse was trustee. He was also president, general manager and a director of the corporation, and personally and as such trustee held a majority of the voting stock. He acted for both the corporation and the trust estate in all the arrangements. The securities were sold by the corporation for $99,624.35, and the proceeds, together with the $200,000 obtained by pledging the instalment accounts, were used to pay the bank loans. Thus the credit of the corporation was preserved.

A part of the arrangement with the banks was that the trust estate should not be a creditor for the $99,624.35 furnished by it, but should take stock of the corporation in payment. A contract was executed on January 15, 1929, between the corporation and the trust estate, signed by Erving P. Morse for both, and approved in writing by various beneficiaries under the trust. This contract provided for the subscription by the trustee for stock at par to the amount of $99,600, the trustee at his election to have first preferred stock or preferred stock, or some of each. The contract further provided that the election by the trustee as to the class of stock "may be postponed for such reasonable length of time as the parties agree," but the corporation might at any time notify the trustee to make his election within ten days, and on failure to do so might make the election itself. No stock was ever issued to the trustee, and none was ever offered or demanded.

The rights of the trustee depend upon the contract. The right which he asserts, of treating his failure to receive the promised consideration as entitling him to avoid or disregard the contract, and claim, not damages for a breach, but a restoration of the consideration that he furnished or its value (*Cohen* v. *Wintman,* 236 Mass. 471; *Wilson* v. *Davison,* 242 Mass. 237; *Orr* v. *Keith,* 245 Mass. 35; *Bloom* v. *Nutile-Shapiro Co.* 247 Mass. 352; *Augello* v. *Hanover Trust Co.* 253 Mass. 160, 168; *Gage* v. *Boston National Bank,* 257 Mass. 449; *Buckman* v. *American Express Co.*

262 Mass. 299; *Harvey* v. *Crooker,* 267 Mass. 279; *Richard* v. *Credit Suisse,* 242 N. Y. 346; *Parker* v. *Hoppe,* 257 N. Y. 333; Williston, Contracts, §§ 814, 1454–1460), exists only where the failure of consideration "amounts to an abrogation of the contract, or . . . goes to the essence of it, or takes away its foundation." *Runkle* v. *Burrage,* 202 Mass, 89, 99. See also *Hunting* v. *Downer,* 151 Mass. 275, 277; *Palmer* v. *Guillow,* 224 Mass. 1; *Mather* v. *Boston & Maine Railroad Relief Association,* 254 Mass. 90.

The appointment of receivers was not equivalent to an abrogation of the contract, so as to entitle the trustee to disregard it and recover the consideration. At most, the appointment of receivers and the fixing of a time for presenting claims (*International Paper Co.* v. *Priscilla Co. ante,* 22, 36), matured the right of the trustee to prove his claim for the value of that to which he was then entitled, namely, the stock for which he had paid. *Samuels* v. *E. F. Drew & Co. Inc.* 292 Fed. Rep. 734. In this particular a receivership bears some analogy to a proceeding for the liquidation of a bank, which has been held not to be such an abrogation of a contract as to give a right to disregard it and prove a claim for the consideration furnished, instead of for damages. *Cosmopolitan Trust Co.* v. *Ciarla,* 239 Mass. 32. *Beecher* v. *Cosmopolitan Trust Co.* 239 Mass. 48. *Corsino* v. *Hanover Trust Co.* 253 Mass. 5.

No claim has been presented, based on the value of the stock to which the trustee was entitled. The claim rejected by the decree appealed from was a claim for the consideration paid. That claim was rightly disallowed.

*Decree affirmed.*