NORLING & BLOOM COMPANY *vs.* EXCHANGE TRUST COMPANY & another.

Suffolk.    November 13, 1934. — November 27, 1934.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Trust Company*, In liquidation.

A contract by a trust company in this Commonwealth with one of its depositors to purchase for him money of a foreign nation for future delivery was a transaction in its commercial·department; and where, as a deposit to secure such purchase, the trust company received from

the depositor a check on his account with it, which check was not designed to be held by it uncollected and which it deposited in its commercial department, deducting the proceeds thereof from the depositor's account and mingling them with its other funds, and, before such purchase was carried out, the commissioner of banks took possession of its business under G. L. (Ter. Ed.) c. 167, the deposit was not impressed with a trust and the depositor's claim therefor was not entitled to preference over the claims of general creditors of the trust company in the liquidation proceedings.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on December 31, 1932, against Exchange Trust Company and the commissioner of banks.

The suit was referred to a master. Material facts found by him are stated in the opinion. By order of *Pierce*, J., there were entered an interlocutory decree confirming the master's report and a final decree dismissing the bill. The plaintiff appealed from the final decree.

*A. S. Allen*, for the plaintiff.

*E. S. Abbott*, for the defendants.

RUGG, C.J. The plaintiff seeks in this suit in equity to establish as a preferred or priority claim an indebtedness of $2,000 due it from the defendants. The material facts as found by the master are these: The Exchange Trust Company, hereafter called the defendant, conducted a foreign exchange department as a part of its commercial facilities. On April 14, 1932, the plaintiff entered into four written contracts with the defendant to purchase an aggregate of 22,424.48 Dutch guilders to be delivered by the defendant to the plaintiff in different amounts on May 19, May 31, June 4, and July 27, 1932. The defendant required a deposit to secure the purchases. The plaintiff on April 15, 1932, delivered its check to the defendant, drawn upon the latter and payable to its order, for $2,000. This check bore on its face in the corner the words "Deposit on 22,424.48 Florens." The word "Florens" was written by mistake of the plaintiff for "guilders." When the treasurer of the plaintiff delivered the check to the defendant, he stated to the manager of its foreign exchange department that he would give a separate check as each of the contracts for guilders became due, and that when the contract was completed the

deposit of $2,000 was to be returned to the plaintiff. This check was deposited in the commercial department of the defendant and deducted from the plaintiff's account and mingled with other funds of the defendant. In order to carry out this contract, the defendant entered into a similar agreement with The First National Bank of Boston for the delivery of guilders on the dates and in the quantities specified. On April 25, 1932, the commissioner of banks took possession of the defendant and is now liquidating its affairs under G. L. (Ter. Ed.) c. 167. Thereupon The First National Bank of Boston cancelled its agreement with the defendant to deliver the guilders, and on April 29, 1932, the plaintiff acknowledged receipt of the cancelled contracts. The question to be decided is whether on these facts the plaintiff is entitled to be treated as a preferred creditor of the defendant in liquidation to the extent of $2,000.

A trust company established under the laws of this Commonwealth is authorized to make contracts for the purchase and sale of the money of foreign nations for future deliveries based on the credit of the buyer. Such contracts are transactions in the commercial department of the trust company. *Corsino* v. *Hanover Trust Co.* 253 Mass. 5, 7. *Gerold* v. *Cosmopolitan Trust Co.* 245 Mass. 259, 260–261. *Cosmopolitan Trust Co.* v. *Ciarla*, 239 Mass. 32. *Federal Trust Co.* v. *State Bank*, 241 Mass. 572. Customers who have contracted to make such purchases, have paid therefor in advance and have not received deliveries, have ordinary claims against the general assets of a trust company in liquidation; such deposits or payments are not impressed with a trust, and are held by the trust company not as a trustee but as a debtor. *Beecher* v. *Cosmopolitan Trust Co.* 239 Mass. 48, 51. *Equitable Trust Co. of New York* v. *First National Bank of Trinidad*, 275 U. S. 359, 366. *Legniti* v. *Mechanics & Metals National Bank of New York*, 230 N. Y. 415. In *Worcester Bank & Trust Co.* v. *Nordblom*, 285 Mass. 22, the plaintiff as trustee of a sinking fund under a mortgage indenture agreed to "deposit, as a special fund or funds any and all sums . . . at any time received

by it" pursuant to the indenture "in such bank, banks or trust companies, including its own banking department, as it may in its reasonable discretion select." It elected to deposit in its own commercial department, became involved in financial difficulties and was in the possession of a conservator under St. 1933, c. 87. On petition for instructions it was held that this sinking fund deposit was not entitled to payment in full in priority to other creditors of the trust company, but was on the footing of an ordinary deposit in the commercial department without right to preferential treatment. The case at bar cannot be distinguished in principle from this recent decision. See also *Lewis* v. *Commissioner of Banks*, 286 Mass. 570.

The facts show that the plaintiff established a credit with the defendant as security for the payment of the price of the guilders as and when purchased. The check of the plaintiff was not designed to be held uncollected by the defendant. The defendant became the owner of the check when delivered and of its proceeds when collected. Otherwise the proceeds of the check would not be available to the defendant to secure its purchases. *Blakey* v. *Brinson*, 286 U. S. 254. See also *Great Atlantic & Pacific Tea Co.* v. *Citizens' National Bank*, 2 Fed. Sup. 29, affirmed in 66 Fed. Rep. (2d) 883.

In view of the several decisions already cited, it is unnecessary to discuss and distinguish *People* v. *City Bank of Rochester*, 96 N. Y. 32; *Northwest Lumber Co.* v. *Scandinavian American Bank of Seattle*, 130 Wash. 33; *State* v. *Grills*, 35 R. I. 70, 75, and other cases from other jurisdictions relied on by the plaintiff.

*Decree affirmed.*