BRIDIE FOLEY *vs.* COMMISSIONER OF BANKS & another.

Suffolk.    March 5, 6, 1935. — September 12, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Equity Pleading and Practice*, Appeal, Demurrer. *Superior Court*, Jurisdiction. *Equity Jurisdiction*, Rescission. *Trust Company*, In liquidation.

After the entry of an interlocutory decree in a suit in equity sustaining the demurrer of one of several defendants upon a separable issue, and of a final decree dismissing the bill as to that defendant, an immediate appeal by the plaintiff lies to this court from both decrees.

The Superior Court has jurisdiction of a suit in equity against a closed trust company in the possession of the commissioner of banks for rescission of a contract made with it.

A buyer of a draft of foreign exchange from the commercial department of a trust company, upon the commissioner of banks taking possession and stopping payment of the draft, was not entitled to maintain a suit in equity to rescind the purchase by the fact that in making it the buyer relied upon advice by an officer of the company that the draft would be good and would be honored upon presentation regardless of any difficulties which might befall the company.

It *was stated* that on the facts the buyer above mentioned would not be entitled to preference in the payment of his claim against the trust company, but had only an ordinary claim provable against its commercial assets.

BILL IN EQUITY, filed in the Superior Court on December 9, 1932.

The decrees appealed from were entered by *Whiting*, J.

*C. W. Lavers*, for the plaintiff.

*E. S. Abbott*, for the defendant.

RUGG, C.J. The plaintiff by this suit in equity instituted in the Superior Court seeks (1) rescission of a contract made by her with the Exchange Trust Company

whereby she purchased for $1,000 a negotiable draft payable in sterling at a bank in Ireland, and (2) an order that the amount of the draft be paid by the defendant the commissioner of banks in possession of the trust company for liquidation under G. L. (Ter. Ed.) c. 167, §§ 22–30, as a preferred claim against the assets of the trust company.

Martin, an officer of the trust company, is joined as a codefendant and relief is sought against him personally. He filed an answer. There has been no disposition of the case as to him. The issues as to him appear to be substantially different and severable from those as to the commissioner of banks. The defendant commissioner of banks filed a demurrer to the bill, which was sustained by interlocutory decree. A final decree was entered dismissing the bill as to that defendant. The plaintiff's appeals from those decrees bring the case here. In these circumstances the issues raised by these appeals, being final as to the commissioner of banks, may be considered by this court. *Kingsley* v. *Fall River*, 280 Mass. 395, 398–400, and cases there reviewed. The commissioner of banks will hereafter be referred to as the defendant.

The allegations of the bill in brief are these: The plaintiff, being a domestic in the family of one Martin, an officer of the trust company, and having great confidence in him, went to the trust company on April 21, 1932, with the intent of withdrawing her savings deposit for use in visiting Ireland. The officer of the trust company advised her to buy a draft on its correspondent bank in Ireland instead of withdrawing the cash. In answer to questions, he represented to her that the draft would be as good as cash and would be honored upon presentation regardless of any difficulties which might befall the trust company. The plaintiff, relying on these representations, took the draft and paid $1,000 therefor. The trust company was on or about that date unable to meet its financial obligations as they matured and was subject to be taken over by the commissioner of banks, "of which financial conditions the officers thereof had or are to be charged with knowledge." The draft was drawn against funds, but the commissioner

of banks took possession of the trust company on April 25, 1932, and stopped payment of the draft. Payment of the draft has been refused by the defendant.

The demurrer of the defendant to the bill was sustained on the grounds (1) that no cause for relief in equity was set out, (2) that the facts alleged show that the sole remedy of the plaintiff is to prove an ordinary claim against the commercial department of the trust company, and (3) that, the sole remedy being as stated in (2), the plaintiff is not entitled to a decree to pay her claim as preferred out of the assets of the trust company. The plaintiff did not ask leave to amend and final decree was entered dismissing the bill as to the defendant.

The defendant argued that the Superior Court has no jurisdiction to order the defendant to pay a claim not proved and allowed under G. L. (Ter. Ed.) c. 167, and that the suit ought to be dismissed on that ground. Although that is not set up specifically as a ground of demurrer, the contention is that it is open under a general demurrer. *May* v. *Parker*, 12 Pick. 34, 36. *Rothstein* v. *Commissioner of Banks*, 258 Mass. 196, 198. The basis for this position is that by G. L. (Ter. Ed.) c. 167, § 36, exclusive jurisdiction in equity is vested in the Supreme Judicial Court over every suit designed to require the defendant in possession of a trust company for purposes of liquidation under the statute to pay a preferred claim. The scope and effect of that section were considered in *Commissioner of Banks* v. *Commonwealth-Atlantic National Bank of Boston*, 248 Mass. 302, 306–308. It was there held in substance that parties may at their election resort to the Superior Court for relief in equity as to indifferent matters arising in the course of liquidation of a bank and not conferred exclusively upon the Supreme Judicial Court by the liquidation statute. The jurisdiction in equity of the Supreme Judicial Court as to liquidation of banks is doubtless enlarged much beyond the strict boundaries of chancery by § 36. Certain matters are by said c. 167, §§ 22–30, placed within its exclusive jurisdiction. The payment of dividends and accounting are among these matters. But as

to other indifferent matters there is jurisdiction in the Superior Court.

There is general jurisdiction in equity with respect to rescission of contracts in appropriate cases when necessary to accomplish justice. *Thomas* v. *Beals,* 154 Mass. 51, 54–55. *Parker* v. *Simpson,* 180 Mass. 334, 343. *Putnam* v. *Bolster,* 216 Mass. 367, 371. The main object of the present suit is to establish a claim arising from the rescission of a contract alleged to have been made between the trust company and the plaintiff and to declare the nature of that claim. Even if the prayer for order of payment of that claim as a preference out of the funds of the trust company cannot be granted by the Superior Court, the general subject of the suit is within equity jurisdiction. On this point the case at bar falls within the authority of *Commissioner of Banks* v. *Commonwealth-Atlantic National Bank,* 248 Mass. 302, 306.

The purchase of the draft of a foreign exchange by the plaintiff from the trust company was a commercial transaction. That has been settled by numerous decisions. The sole right of the plaintiff, for any loss sustained thereby, was to prove a claim against the commercial department of the trust company and to receive a dividend thereon on the same footing as other commercial creditors. *Beecher* v. *Cosmopolitan Trust Co.* 239 Mass. 48. *Goldband* v. *Commissioner of Banks,* 245 Mass. 143, 149, 151. *Corsino* v. *Hanover Trust Co.* 253 Mass. 5, 7. *Norling & Bloom Co.* v. *Exchange Trust Co.* 288 Mass. 444. The circumstance that the plaintiff secured the money with which to purchase the foreign draft by a withdrawal from the savings department of the trust company gives her no preference. She had no right of election to bring a suit. She must follow the course prescribed by the liquidation statute as to proof of claims. *Cosmopolitan Trust Co.* v. *Suffolk Knitting Mills,* 247 Mass. 530, 535–536. *Steele* v. *Commissioner of Banks,* 240 Mass. 394, 398.

The averments of the bill do not go far enough to show that the officers of the trust company knew of the insolvency of the bank so as to create any trust respecting the

draft. *Commissioner of Banks* v. *Pitocchelli,* 276 Mass. 201, 205–206. *Steele* v. *Commissioner of Banks,* 240 Mass. 394, 398. The case at bar is distinguishable from cases like *Wasserman* v. *Cosmopolitan Trust Co.* 252 Mass. 253, and *Cronan* v. *Commissioner of Banks,* 254 Mass. 444, where fraud practised on a depositor by a responsible officer of a bank was rectified by a suit in equity. It is also plainly different from *Lonergan* v. *Highland Trust Co.* 287 Mass. 550, where a contract made in the ordinary course of banking was enforced after the trust company was in liquidation. The case at bar falls within the usual rule of well recognized commercial transactions. *Norling & Bloom Co.* v. *Exchange Trust Co.* 288 Mass. 444. *Lewis* v. *Commissioner of Banks,* 286 Mass. 570. *Worcester Bank & Trust Co.* v. *Nordblom,* 285 Mass. 22.

The allegations of the bill do not establish a contract on the part of the trust company outside the usual transaction of the purchase of a foreign draft. Even if it be assumed that the representations of the officer of the trust company went further than this and amounted to some contract as to the value of the draft beyond that imported by its terms, there are no allegations showing authority of that officer to bind the trust company by such an extraordinary contract. *Newburyport Institution for Savings* v. *Brookline,* 220 Mass. 300, 306. *White* v. *Beacon Trust Co.* 277 Mass. 75. It is doubtful whether a contract of that nature would be within the corporate powers of a trust company. *Dresser* v. *Traders' National Bank,* 165 Mass. 120. *Nowell* v. *Equitable Trust Co.* 249 Mass. 585, 599–600. *National Shawmut Bank of Boston* v. *Citizens National Bank of Boston,* 287 Mass. 329. In any event, the defendant in possession of the trust company for purposes of liquidation is not bound except by the legal import of the transaction in the ordinary course of banking. *Tremont Trust Co.* v. *Baker,* 243 Mass. 530.

The interlocutory decree sustaining the demurrer is affirmed. The final decree dismissing the bill as to the commissioner of banks is affirmed with costs.

*Ordered accordingly.*