BAKER v. OLD NAT. BANK OF PROVIDENCE, R. I., et al.

(Circuit Court of Appeals, First Circuit. January 19, 1899.)

No. 263.

1. APPEAL—DECISIONS REVIEWABLE—FINALITY OF DECREE.
In a suit by the receiver of a national bank against stockholders to recover an assessment laid by the comptroller, one defendant alleged that he was merely a pledgee of the stock from a co-defendant, and, after a hearing on bill and plea, a decree was passed dismissing the bill as to the pledgee, but there had been no determination as to the other defendants. *Held* that, if it should be finally determined that the pledgee is liable for the assessment, he would be entitled to have the decree so molded as to compel exoneration by the pledgor. Therefore the decree was not final, so as to permit of an appeal by complainant.

2. SAME.
Practice of holding case for an ultimate final decree, as in Frow v. De La Vega, 15 Wall. 552, commended.

Appeal from the Circuit Court of the United States for the District of Rhode Island.

Algernon S. Norton and Joseph F. Daly (C. Frank Parkhurst, on brief), for appellant.

Herbert Almy, for appellees.

Before PUTNAM, Circuit Judge, and WEBB and LOWELL, District Judges.

PUTNAM, Circuit Judge. This bill was brought by the statutory receiver of a national banking association in the state of Washington against several alleged stockholders resident in Rhode Island, for an assessment laid by the comptroller, amounting to 75 per cent. of the par of the shares, which was $100 each. Except as herein stated, the several defendants had no joint interest, as under the statutes of the United States each was severally liable for the assessment laid on his own shares, and for nothing more. No objection has been made to the joinder of several stockholders as defendants. There is, however, a plain objection to our jurisdiction, which, under the well-settled rules, we must take cognizance of, although no question in reference thereto has been made by the parties.

Among the stockholders who are made defendants in the bill was one Abram Barker, who is charged with liability on 180 shares of stock, which are in addition to the shares to which this appeal relates; but the bill prays for relief generally against him. Among the other defendants are the Old National Bank of Providence and Francis A. Cranston, who, or one of whom, is sought to be charged for the assessment on 100 shares of stock which were transferred by Abram Barker to "F. A. Cranston, cashier." Cranston was the cashier of the Old National Bank of Providence. There are some matters in the

record to sustain a finding that the registration of the transfer on the books of the insolvent bank was made in the following form: "F. A. Cranston, cashier Old National Bank of Providence, R. I." It does not appear on the record whether this form of registry was authorized by the parties to the transfer, and for present purposes it is not necessary that this fact should be ascertained. The record shows, however, that, if Cranston should be holden for the assessment, the defendant bank must exonerate him therefrom.

The bank and Cranston united in a plea, of which it is necessary to refer to only so much as alleges that the 100 shares in issue were transferred by Barker to "F. A. Cranston, cashier," acting in behalf of the defendant bank, to hold as collateral security for the indebtedness of Barker to it. The case was set down for hearing on the bill and plea. The court thereupon determined the plea in favor of Cranston and the defendant bank, and the complainant not asking to amend his bill, or for the determination of the issue of fact raised by the plea, a decree was entered, which took the form of a final decree, sustaining the plea and dismissing the bill "as to the respondents the Old National Bank of Providence and Francis A. Cranston." 86 Fed. 1006. The record shows no determination of any issue as between the complainant and the other defendants, including Barker, and no progress in the case, except the disposition of the plea and the entry of the decree, as we have said. Thereupon the complainant appealed from the decree to us; but we are compelled to hold that, notwithstanding the form of the decree, it was not of that final character which will permit an appeal at this stage of the litigation. With reference to the general rule on which this proposition rests, we need cite only Hohorst v. Packet Co., 148 U. S. 262, 13 Sup. Ct. 590, Bank v. Smith, 156 U. S. 330, 15 Sup. Ct. 358, and Marden. v. Manufacturing Co., 67 Fed. 809, and refer to the principles which underlie those decisions. If each of the various defendants here had no relations to each other, except that they were stockholders in the same national banking association, it may be the rule would not apply. Nevertheless, as all the defendants are interested in the same underlying questions, there are serious objections to having a case of this kind come up by several successive appeals, on one of which different phases might be presented from those presented on another, leading to inconsistent results. The proper way is to hold the suit for one ultimate decree, as was pointed out in Frow v. De La Vega, 15 Wall. 552, 554. If it should be determined that Cranston and the defendant bank are not liable for this assessment, on the ground, stated in the plea, that the stock is held as collateral for the indebtedness of Barker, it would follow that Barker is liable for it. It is not at all clear that the bill is not already framed in such manner that this liability might be determined against him. But, beyond that, if it should finally be determined that Cranston or the defendant bank is liable for this assessment, whichever one is so holden would be entitled to have the decree so molded as to compel exoneration by Barker. It is therefore plain that, in any event, Barker has an interest in the issue now before us, and that, whatever may be the condition as to the other defendants, the litigation should have been fully determined so far

as Barker is concerned, and he should have been made a party to the appeal, in order to give us jurisdiction thereof.

The appeal is dismissed, without prejudice and without costs.