LUCY DEGNAN & others *vs.* MARYLAND CASUALTY COMPANY.

Suffolk.   May 15, 1930. — May 27, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Equity Pleading and Practice*, Decree, Retention of suit for assessment of damages. *Bond*, To dissolve attachment. *Practice, Civil*, Parties. *Damages*, In suit in equity.

A bond was given to dissolve an attachment in a suit in equity by several plaintiffs to abate a nuisance, the plaintiffs also seeking an assessment of the damages "suffered by each of" them and the issuance of executions therefor.   The report of a master to whom the suit was referred set forth findings as to damages sustained by several of the plaintiffs.   There then were entered an interlocutory decree confirming the report and a final decree which did not order equitable relief nor in terms establish the damages found by the master as debts due from the defendant, but merely ordered that execution issue in favor of the several prevailing plaintiffs in the sums found by the master.   Such executions issued and were not satisfied.   A judge, hearing without a jury an action against the surety on the bond, ruled that the condition thereof had been broken. *Held*, that

   (1) The omission from the final decree in the suit in equity of a recital that the plaintiffs had suffered damage in specified amounts and of an order that the defendant pay those amounts to the plaintiffs was not a bar to the action;

   (2) In the circumstances, there was the equivalent of a definite assessment of damages by the judge in the amounts for which he ordered executions to issue;

   (3) The form of the final decree imported every essential prerequisite to the issuance of a valid execution;

   (4) There was no merit in a contention by the defendant that there had been no breach of the bond for the reason that no valid final decree had been entered;

   (5) Although no equitable relief was granted, the suit properly was retained for the assessment of damages.

There were sixteen plaintiffs in the suit in equity above described, all of whom were named as obligees in the bond. The condition of the bond was that if the defendant in the suit in equity, the principal, "shall within thirty days after . . . final judgment . . . pay to the plaintiffs . . . the amount, if any, which they shall recover . . . then this obligation shall be void, otherwise it shall be and remain in full force and virtue." Two of the plaintiffs having died during the pendency of the suit, their personal representatives were admitted as plaintiffs. The executions ordered to issue by the final decree were in favor of ten of the plaintiffs, including the personal representatives of the two deceased plaintiffs. The bill was dismissed as to the other six plaintiffs. The plaintiffs in the action on the bond were fourteen of the plaintiffs in the suit. The personal representatives of the two deceased plaintiffs were not parties to the action. *Held,* that

(1) The several prevailing plaintiffs in the suit suffered separate damages: a joint decree in favor of all of them was not sought and could not properly have been entered;

(2) The liability of the defendant, the surety on the bond, was not restricted therein to the payment of a joint judgment: the condition of the bond implied a promise by the defendant to pay to the several plaintiffs the kind of judgment which was appropriate to the grounds of relief alleged in the bill;

(3) There was no misjoinder of parties plaintiff in the action;

(4) It was not necessary that all the obligees in the bond join as parties plaintiff in the action;

(5) There was no nonjoinder of parties plaintiff in the action by reason of the fact that the personal representatives of the two deceased obligees were not parties thereto.

CONTRACT by fourteen plaintiffs against the surety upon a bond given to dissolve an attachment in a suit in equity. Writ dated September 11, 1928.

The bond, the bill in the suit in equity and proceedings therein are described in the opinion. There were sixteen plaintiffs in the suit in equity, all of whom were named as obligees in the bond. Two of the obligees died during the pendency of the suit. Their personal representatives were admitted as parties plaintiff therein, but were not parties to this action. The final decree in the suit dismissed the bill as to six of the plaintiffs, who also were plaintiffs in this action, and ordered execution to issue in favor of the other ten plaintiffs, including the personal representatives of the two deceased plaintiffs.

A demurrer by the defendant to the declaration was ordered overruled by *Callahan,* J. The action thereafter

was heard in the Superior Court by *Weed*, J., without a jury. He denied a motion for a ruling that "none of the plaintiffs are entitled to recover" and that judgment be entered for the defendant; found and ruled that the condition of the bond had been broken; and ordered the entry of judgment for the penal sum of the bond. The defendant alleged exceptions.

*H. R. Bailey*, for the defendant.

*P. P. Coveney*, for the plaintiffs.

RUGG, C.J.　This is an action of contract against the surety on a bond given to dissolve an attachment made in a suit in equity. The defendants in that suit were two corporations charged with having conducted quarrying and stone crushing in such a way as to constitute a nuisance and to have caused damage to health and property of the several plaintiffs. The prayers were for an injunction against blasting of stone and the continued operation of the stone crushing plant, for attachment and for the assessment of damages sustained by each of the plaintiffs. Attachment was made as prayed for and the bond here in suit was given to dissolve it. There were numerous plaintiffs in that suit who were the obligees in the bond. As to six of the plaintiffs the bill was dismissed. Two of the plaintiffs died and their personal representatives were admitted to prosecute the suit. The suit was referred to a master who made reports setting out in detail property and personal damages caused to several of the plaintiffs by the unlawful operations of the defendants. By an interlocutory decree the original and supplemental reports of the master were confirmed. Final decree was entered in October, 1927. No injunction was then requested or granted because it appeared that neither of the defendants at that time was the owner or user of the quarry. The final decree, without reciting the amounts of damages found to be due by the master or in terms establishing such amounts as debts due from the defendants, simply ordered that "an execution issue as in an action at law in favor of" the several named prevailing plaintiffs in the sums found due by the master.

In the present action on the bond the defendant filed a demurrer and appealed from an order overruling it. The case was then heard on its merits. The defendant's motion that judgment be entered in its favor was denied. It was agreed that executions had issued in conformity with the final decree in the suit in equity and were unsatisfied. It was found and ruled that the condition of the bond had been broken and judgment was entered for the penal sum. The defendant excepted to these rulings.

1. The first contention of the defendant is that no final judgment or decree has been entered in the suit in equity, and that hence there has been no breach of the bond. It would perhaps have been more artistic if the decree had contained a recital that each of the several plaintiffs had suffered damages through the wrongful conduct of the defendants in specified amounts and that the defendants be ordered to pay the same to the plaintiffs, and then ordered the executions to issue. *Stodder* v. *Rosen Talking Machine Co.* 241 Mass. 245. *Fairbanks* v. *McDonald*, 219 Mass. 291, 298. This omission, however, is a mere inelegancy not going to the vitals of the case. No executions could have been ordered in favor of the plaintiffs unless the court had first found that the damages in those amounts had been sustained by the plaintiffs through the wrongful conduct of the defendants. The record in the case shows that this finding was made. The master's reports are full and specific upon this point. An interlocutory decree was entered confirming those reports. This in conjunction with the order for the issuance of executions was the equivalent of a definite assessment of damages by the court in the amounts for which executions issued. It was in every proper sense a final decree. *Holcombe* v. *Creamer*, 231 Mass. 99, 103. The final decree in the form here entered imports every essential prerequisite to the issuance of a valid execution. *American Circular Loom Co.* v. *Wilson*, 198 Mass. 182, 200.

The cause set out in the original suit in equity fell within general principles of equitable jurisdiction. *Hakkila* v. *Old Colony Broken Stone & Concrete Co.* 264 Mass. 447. It is the settled practice in this Commonwealth that where

peculiar equitable relief is refused jurisdiction may be retained by the equity court solely for the purpose of the assessment of damages. *Newburyport Institution for Savings* v. *Puffer*, 201 Mass. 41, 47. There is nothing in *Hoshor-Platt Co.* v. *Miller*, 190 Mass. 285, 287, inconsistent with this conclusion.

2. The defendant further contends that there is a misjoinder of parties plaintiff in the present action. It was manifest from the terms of the original bill, to dissolve the attachment on which the bond here in suit was given, that the several plaintiffs suffered separate damages and that a joint decree in favor of all was not sought and could not rightly be entered. One prayer of that bill was that "the damages suffered by each of said plaintiffs be assessed and executions issue therefor." There is nothing in the bond which restricts the liability of the surety to a joint judgment. Its phrase is that if the principals "shall within thirty days after the final judgment in the aforesaid action, pay to the plaintiffs therein the amount, if any, which they shall recover in such action . . . then this obligation shall be void, otherwise it shall be and remain in full force and virtue." These words imply a promise to pay the kind of judgment which is appropriate to the grounds of relief alleged in the suit and to pay it to the several plaintiffs if that is the appropriate decree to be entered in view of the averments of the bill. It would be a travesty upon justice to permit the surety upon a bond given to dissolve an attachment in a suit of that nature to escape on the technical ground here suggested. There is nothing in *Ellison* v. *New Bedford Five Cents Savings Bank*, 130 Mass. 48, or in *Adams* v. *Richardson*, 268 Mass. 78, at variance with the conclusion here reached.

3. The third ground of defence urged is that there is a nonjoinder of parties plaintiff. That contention is based on the fact that two of the original plaintiffs died and their personal representatives were joined as coplaintiffs in the suit in equity and that executions were ordered to be issued in their favor. In these circumstances it is not necessary that all the obligees in the bond join as plaintiffs. That is

settled in accordance with sound reason and natural justice by *Donnell* v. *Manson*, 109 Mass. 576, where the precise point here raised was decided. It has never since been questioned in this Commonwealth. That rule prevails generally. *Thomas* v. *Green County*, 159 Fed. Rep. (C. C. A.) 339, 343. See also cases cited in 9 C. J. 88, note 91.

*Order overruling demurrer affirmed.*
*Exceptions overruled.*