FRANK H. KINGSLEY *vs.* CITY OF FALL RIVER & others.

Bristol.    May 12, 1932. — October 25, 1932.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Equity Pleading and Practice,* Decree, Appeal.

In a suit in equity by one, who furnished materials and labor in the construction of a school building for a city, against the city, a contractor, and a surety on a bond given by the contractor under G. L. c. 149, § 29, to enforce liability on the bond, two other claimants were permitted to intervene under St. 1929, c. 110. The suit was referred to a master. Before hearings, the original plaintiff's claim was settled. The master found in favor of one intervenor and against the other, and separate interlocutory decrees were entered confirming his report as to such claims. The surety appealed from the decree confirming the report as to the claim of the first intervenor. Thereafter there was entered a decree, entitled a "Final Decree," in substance adjudging that the surety owed the successful intervenor the amount of his claim and directing the issuance of an execution therefor, no mention being made of the claim of the unsuccessful intervenor, the city or the contractor. From this decree the surety filed an appeal, later dismissed, in which he described the decree as "final." Upon a report of the allowance of a later motion by the surety to have such decree vacated, it was *held,* that

(1) With respect to the separate claim of the successful intervenor and as between him and the surety, the decree was final to such extent as to require an appeal in order to correct its defects;

(2) Such decree was not so wanting in essential elements as to be of no substantial effect;

(3) The motion to vacate the decree should not have been allowed.

BILL IN EQUITY, filed in the Superior Court on August 5, 1929, and described in the opinion.

Proceedings in the Superior Court relating to intervening petitioners and to a decree, entitled a "FINAL DECREE," entered by order of *Beaudreau,* J., and to its vacation by a decree, entered by order of *C. H. Donahue,* J., and the report of *C. H. Donahue,* J., to this court are described in the opinion.

The case was argued at the bar in May, 1932, before *Rugg,* C.J., *Wait, Sanderson, & Field,* JJ., and after the

death of *Sanderson*, J., was submitted on briefs to all the Justices except *Donahue*, J.

*J. B. Kelley, Jr., (A. E. Seagrave* with him,) for the intervening petitioner, American Hardware Company.

*B. J. McDonald*, for the defendant Detroit Fidelity & Surety Company.

RUGG, C.J.  A suit in equity was brought by Frank H. Kingsley against the city of Fall River, James Crosson as trustee in bankruptcy of Greany & Sherry, Inc. (hereafter called the contractor) and the Detroit Fidelity & Surety Company to recover for materials furnished to the contractor in the construction of a school building of the city, and to apply, in satisfaction of his claim, the proceeds of a bond given under G. L. c. 149, § 29, by the contractor to the city as security for the payment of all materials and labor used in the construction of the school building.  The surety on the bond was the Detroit Fidelity & Surety Company, hereafter called the surety.  The American Hardware Company and the Republic Fireproofing Company, Inc., were allowed to intervene in this suit as claimants, St. 1929, c. 110, to recover for materials furnished by each to the contractor in the construction of the school building.  The case was referred to a master.  Before hearing, the claim of Frank H. Kingsley, the original plaintiff, was settled.  The master filed a report in favor of the American Hardware Company and disallowed the claim of the Republic Fireproofing Company, Inc.  Separate interlocutory decrees were entered confirming the master's report as to each intervenor.  No appeal was taken by the Republic Fireproofing Company, Inc.  The surety appealed as to the American Hardware Company who, as intervenor, is now the only party prosecuting the case against the surety, and will be hereafter termed the intervenor.  There was entered under date of October 17, 1930, a decree of the tenor following:. "FRANK H. KINGSLEY *vs.* CITY OF FALL RIVER, *et al.*  FINAL DECREE.  This case came on to be heard at this sitting upon the report of the master and was argued and it appearing that the report of the master has been duly confirmed and it appearing that the defendant,

Detroit Fidelity & Surety Company is indebted to the plaintiff, American Hardware Company, on the contract of said plaintiff with the City of Fall River, and it appearing that said defendant Surety Company has failed to pay to the said plaintiff the amount thereof in accordance with the terms of its bond of indemnity to said City of Fall River, it is hereby ordered, adjudged and decreed that the said defendant Detroit Fidelity & Surety Company is indebted to the plaintiff American Hardware Company in the sum of $3,658.29 together with interest from November 5, 1929, in the sum of $231 and costs in the sum of $17.50 and that an execution is ordered to issue therefor." On the reverse of the decree was the following: "Frank H. Kingsley, et al. vs. City of Fall River, et al. FINAL DECREE as to claim of American Hardware Co. Filed & Entered — Oct. 17, 1930." Prior to the entry of this decree there had been no interlocutory decree as to the city and the contractor, other parties defendant. The surety seasonably filed an appeal from this decree designating it therein "the final decree." It did not enter the appeal as required by the statute and on March 17, 1931, an order was entered to the effect that the appeal be dismissed. Decree in conformity to that order was entered on January 12, 1932. In the following February execution issued against the surety which has not been satisfied. Thereafter the surety filed a motion that the execution be returned to court upon the ground that it "was improperly issued," and another motion that the decree of October 17, 1930, be stricken out and expunged "upon the ground that although styled final decree it is not in fact a final decree." Upon these motions an "Interlocutory Decree" was entered on March 1, 1932, revoking the decree of October 17, 1930, and ordering the intervenor to return the execution into court. The validity of this decree has been reported for our determination before further proceedings.

The decisive question to be determined is whether the decree of October 17, 1930, already recited in full, was in truth a final decree. If it was a final decree, then plainly the interlocutory decree of March 1, 1932, was improperly

entered and of no effect. It is an established principle that after the entry of a final decree in a suit in equity the case is finally disposed of subject to such rights of appeal as the law affords, and the court has no further power to deal with the case except upon a bill of review. *White* v. *Gove*, 183 Mass. 333, 340. *Martell* v. *Dorey*, 235 Mass. 35, 39, 40. *Morgan* v. *Steele*, 242 Mass. 217. *Lebow* v. *Sneierson*, 265 Mass. 116. *Holyoke National Bank* v. *Dulitzky*, 273 Mass. 125, 126, 127. There are certain exceptions to this rule, as, for example, where clerical errors, mistakes in computation or irregularities in making up the record have occurred, or where final decree has been entered on default of a party through the negligence or mistake of his attorney or want of notice of the pendency of the suit. *Thompson* v. *Goulding*, 5 Allen, 81, 82. *Sullivan* v. *Sullivan*, 266 Mass. 228. *Cohen* v. *Industrial Bank & Trust Co*. 274 Mass. 498, 503. The motions upon which the reported interlocutory decree was founded set out no such exceptions to the established rule as ground for the requested action and none is set forth in that decree.

The circumstance that the decree of October 17, 1930, is denominated "Final Decree" is not decisive. The nature of a paper entered on the record of a court must be determined according to its essential characteristics and not by its name. *Merrimac Chemical Co*. v. *Moore*, 279 Mass. 147. *Check* v. *Kaplan*, *ante*, 170, 176. The surety described it as a final decree in its appeal. Where deliberate action by a judge of a court of superior and general jurisdiction is under review there is some presumption that familiar words and terms are intended to be used in their common signification and with a purpose to be accurate.

It is argued that that decree was not final because it did not conform to the conventional, accepted and undoubted general rule that "No decree is a final one, which leaves anything open to be decided by the court, and does not determine the whole case," *Forbes* v. *Tuckerman*, 115 Mass. 115, 119, *Gerrish* v. *Black*, 109 Mass. 474, 477, *Bartlett* v. *Slater*, 211 Mass. 334, 352, 353, *Booras* v. *Logan*, 266 Mass. 172, 174, and there are expressions to the effect that there

can be but "one final decree in a suit in equity." *John Simmons Co.* v. *Grier Brothers Co.* 258 U. S. 82, 89. There are instances, however, in modern practice where several parties are joined in one suit, where the crucial issues are different as to different parties and where, leaving other issues as to other parties open, conclusive and complete disposition may be made of issues affecting one party by final decree which can come before this court on appeal. That is especially true where issues are raised by those not originally made parties, who become such by being allowed to intervene. *Waite* v. *Worcester Brewing Co.* 176 Mass. 283. It is not essential to a final decree in all cases that it be the very last step in the proceeding or put an absolute end to it. The word "final" in this connection refers to the effect of the decree rather than the mere order of time. *Boston & Maine Railroad* v. *Greenfield,* 253 Mass.. 391, 396. *Degnan* v. *Maryland Casualty Co.* 271 Mass. 427, 430. Where a suit was brought on a judgment against a principal defendant and equitable relief was sought against several other defendants and decrees were entered dismissing the bill as to them, appeal by the plaintiff from those decrees was entertained and decided although as to the principal defendant against whom no equitable remedy was asked no final decree had been entered but only an interlocutory decree taking the bill for confessed. It was held that the decrees were final as to all defendants save that one and that the issues involved being severable, the appeals might be considered. *Hutchins* v. *Nickerson,* 212 Mass. 118. See *Shannon* v. *Shepard Manuf. Co. Inc.* 230 Mass. 224, 229; *Williams* v. *Morgan,* 111 U. S. 684, 699; *Hill* v. *Chicago & Evanston Railroad,* 140 U. S. 52. In *E. Kronman, Inc.* v. *Bunn Bros. Inc.* 258 Mass. 562, a final decree was entered dismissing the bill as to three defendants, without making any disposition of the case as to the fourth defendant. The record did not disclose what disposition, if any, had been made of the case as between the plaintiff and that defendant. The case was considered on the plaintiff's appeal from the decree dismissing the bill as to the three defendants. In *United States* v. *River Rouge Improvement Co.* 269 U. S. 411,

414, it was said with citation of authorities that "an adjudication final in its nature as to a matter distinct from the general subject of the litigation and affecting only the parties to the particular controversy, may be reviewed without awaiting the determination of the general litigation." It is settled as the general rule that actions at law cannot come before this court by appeal or exceptions (save on report by the trial judge, G. L. c. 231, § 111,) until the case is ripe for judgment on all issues. *Weil* v. *Boston Elevated Railway*, 216 Mass. 545. Nevertheless, where there are several parties to such action and a judgment final in its nature as to one party has been entered or is ripe for entry, there may be consideration of the issue thus raised although other separable issues as to other parties may remain to be decided. *Reynolds* v. *Missouri, Kansas & Texas Railway*, 224 Mass. 253. *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, 43. *Shapiro* v. *Park Trust Co.* 253 Mass. 383, 388, 389.

Applying the principle of these decisions to the decree here assailed we are of opinion that it was final to such extent as to require an appeal in order to correct its defects and that it was not so wanting in essential elements as to be of no substantial effect.

The decree of October 17, 1930, recited that from the report of the master it appeared that the surety was indebted to the intervenor on its contract with the city. That statement necessarily imports that the intervenor had furnished to the contractor materials used in the construction of the school building of the city, that the contractor had failed to pay the intervenor, and that the surety was indebted to the intervenor therefor. The order of the decree, by its adjudication to the effect that the surety was indebted to the intervenor in a specified sum, necessarily imports that that sum is the amount of the indebtedness due from the contractor to the intervenor. The nature of the proceeding, and the obligation of the surety established by G. L. c. 149, § 29, permit of no other conclusion and require this inference. Therefore the decree incontrovertibly established by implication although not in express words that the contractor was indebted to the intervenor in the sum stated and had not

paid that indebtedness and that by virtue of its liability on its bond the surety was indebted to the intervenor in the same sum and was under legal compulsion to pay that sum to the intervenor. That decree not only established the debt but ordered execution to issue therefor. Such a provision denotes finality as to this matter.

The intervenor has no interest in a decree respecting the claim of the Republic Fireproofing Company, Inc. That claim has been disallowed by the master and a decree entered confirming that part of the master's report. There is nothing to indicate that there was any connection between that claim and the claim of this intervenor or that the two claims were not entirely dissociated. The entry of separate interlocutory decrees on the report of the master concerning the two claims indicates that they were separate and distinct. Therefore the circumstance that the decree contained no reference to that other claim did not affect the finality of the decree concerning all the issues raised respecting the claim of the intervenor and the obligation of the surety to pay it. The intervenor has no interest in the suit so far as it concerned the city of Fall River as a party. Here again the finality of the decree touching the claim of the intervenor against the surety is not impaired by the absence of any paragraph in the decree discharging the city from the suit. The same may be said as to the contractor as a party. See *Ligget* v. *Wall*, 2 A. K. Marsh. (Ky.) 149. For aught that appears on this record there may be others entitled to intervene under St. 1929, c. 110. So far as disclosed, no decree has been entered with respect to the claim of the original plaintiff. For the reasons already stated, the intervenor has no interest in that subject.

The question presented is not whether the decree of October 17, 1930, was perfect from the point of view of equity draftsmanship or whether on appeal it might have been somewhat modified. Those matters are not before us and need not be discussed. The only question is whether it was in its nature final as between the intervenor and the surety. It possessed such finality as to be the subject of appeal by the latter as the aggrieved party. That decree

related to a matter distinct and separable from other issues and parties. It did not affect the rest of the case. A separate, final decree rightly might be entered disposing of the issues between the intervenor and the surety. Whatever complaint the latter had concerning it, if well founded, might have been corrected on its appeal. Its failure to prosecute that appeal settles all matters adjudicated by the decree regardless of errors in it remediable by appeal. If not assailed on appeal, it would become *res judicata* as to the issues determined by it. That decree could not rightly be treated as of no binding force. Therefore we think there was error in the interlocutory decree of March 1, 1932. It must be reversed and decrees be entered dismissing the motions filed by the surety.

*Ordered accordingly.*