IRVING BLUME *vs.* OIL-O-CHRON, INC., & others.

Suffolk.   May 18, 1934. — June 13, 1934.

Present: RUGG, C.J., CROSBY, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice*, Parties, Counterclaim; Answer; Master: hearing on issue not pleaded; Waiver of defect in pleading; Waiver of right to jury issue; Decree. *Waiver.*°

In a suit in equity against a corporation and an individual, the answer of the corporation contained no averment of a counterclaim. The suit was referred to a master, who, with the consent of all the parties, conducted his hearings on the basis that a counterclaim of the defendant corporation against the plaintiff and the individual defendant was in

issue before him, the parties assuring him that proper pleadings would be filed in the future.  After the hearing had been completed, but before the master's draft report had been made known, a decree was entered, by consent of the plaintiff and the individual defendant, dismissing the bill as against that defendant.  Upon discovering the entry of such decree, the corporation two months later moved to vacate that decree and to amend its answer by setting up its counterclaim against the plaintiff and the individual defendant.  The amendment was allowed, but the decree was not vacated, although the individual defendant was ordered summoned to defend the counterclaim.  He then appeared and answered the counterclaim, and claimed a right to a trial by jury of the issue raised thereby and excepted to all further proceedings against him.  The report of the master, which had been filed after the entry of the decree dismissing the bill as to the individual defendant, was recommitted to permit that defendant to suggest alterations, and afterwards it was settled and confirmed, and a final decree was entered against him in favor of the defendant corporation on the counterclaim.  *Held,* that

(1) The individual defendant, after the entry of the decree dismissing the original bill as to him, remained a party to the suit for the purpose of adjudicating the counterclaim by reason of the hearing of that claim by the master, even though the pleadings with respect thereto had not been perfected at the time of those hearings;

(2) The individual defendant waived any right to trial by jury upon the corporation's counterclaim when he went to hearing before the master without having moved for an issue to a jury;

(3) Having presented the issue to the master, the individual defendant was as much bound by the findings as though the counterclaim had been properly pleaded before the hearings instead of being pleaded thereafter;

(4) The action taken in the trial court was without error.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated January 29, 1931.

Proceedings before a master and *Macleod,* J., and *Sisk,* J., are described in the opinion.  The defendant Reingold alleged exceptions.

*H. A. Bowen,* for the defendant Reingold.

*S. T. Lakson,* for the defendant Oil-O-Chron, Inc.

LUMMUS, J.  The plaintiff sued in equity to obtain shares of stock in the defendant corporation, Oil-O-Chron, Inc., which, he asserted, had been promised him when that corporation took over the business of a partnership consisting of himself and the defendant Reingold and one Kramer.  The master found against him, the final decree gave him no relief, and he did not appeal.

The matter before us concerns a counterclaim presented by the defendant Oil-O-Chron, Inc., against the plaintiff and the defendant Reingold for breach of warranty in the sale of the partnership business to that corporation.

No such counterclaim was set up in the answer of the defendant Oil-O-Chron, Inc., filed February 9, 1931. See Equity Rule 6 of the Superior Court, in force until January 1, 1932, which adopted Equity Rule 6 of this court (252 Mass. 602). The master, with the consent of the parties, conducted his hearings on the basis that the counterclaim in question was in issue before him. He did not adopt the correct practice, before proceeding, of requiring the defendant Oil-O-Chron, Inc., to obtain the allowance of an amendment to its answer, setting up the counterclaim (Rule 32 of the Superior Court [1932]), and requiring the plaintiff and the defendant Reingold to reply to it. Rules 25 and 26 of the Superior Court (1932). Instead, he heard an unformulated issue which, the parties assured him, would be shown by pleadings to be filed in the future. As is not unusual in such cases, the parties did nothing to perfect the record.

The hearing of such an issue, though by no means to be commended, was not a nullity. "Allegations are made that the parties may have notice; but if both parties were content to act upon what they had, why should either be allowed to complain afterwards?" *Oliver* v. *Colonial Gold Co.* 11 Allen, 283, 285, quoting from the report of the commissioners who framed our system of pleading and practice. See also *Nash* v. *D'Arcy,* 183 Mass. 30; *Maker* v. *Bouthier,* 242 Mass. 20, 23, 24; *Broitman* v. *Silver,* 278 Mass. 510; *Faulkner* v. *Lowell Trust Co.* 285 Mass. 375, 377; *Hull* v. *Adams,* 286 Mass. 329, 332, 333; *Henderson* v. *Henderson,* 247 N. Y. 428, 433; *Venghis* v. *Commonwealth Casualty Co.* 101 N. J. L. 151. An amendment may be allowed, after a decision, for the purpose of presenting formally on the record an issue already fully and fairly tried without proper pleadings, and thus supporting the decision. *Pizer* v. *Hunt,* 253 Mass. 321. *Bourbeau* v. *Whittaker,* 265 Mass. 396, 400.

*Ames* v. *Beal*, 284 Mass. 56, 61, 62.  *Callahan* v. *Broadway National Bank of Chelsea*, 286 Mass. 473.

On May 10, 1932, after the hearings before the master had been completed but before his draft report was made known, a decree was entered by consent of the plaintiff and the defendant Reingold, dismissing the bill as against the latter.  Since the record showed no counterclaim at that time, this decree appeared to end the case as to Reingold.  Actually it did not, because the issue raised by the informal counterclaim had already been heard and was under consideration.  A bill and a counterclaim are different causes of suit combined in one case, and ordinarily a decree disposing of only one of them is not a final decree. *General Electric Co.* v. *Marvel Rare Metals Co.* 287 U. S. 430, 432.  *France & Canada Steamship Co.* v. *French Republic*, 285 Fed. Rep. 290.  See also *Kingsley* v. *Fall River*, 280 Mass. 395.  Compare *Faulkner* v. *Lowell Trust Co.* 285 Mass. 375, 377.  At any rate, a decree dismissing the plaintiff's bill against one defendant does not terminate an existing controversy in the nature of a counterclaim between that defendant and another.  Notwithstanding the dismissal of the plaintiff's bill against him, the defendant Reingold remained a party to the case for the purposes of the counterclaim.

When the defendant Oil-O-Chron, Inc., discovered that, by the decree of May 10, 1932, the bill had been dismissed against Reingold, it filed on July 14, 1932, a motion to vacate that decree and a belated motion to amend its answer by setting up its counterclaim against the plaintiff and Reingold.  The Superior Court allowed the amendment but declined to vacate the decree.  It took the precaution of ordering that Reingold be formally summoned in to defend against the counterclaim, under Rule 32 of the Superior Court (1932), although in fact, though not of record, he was an existing and continuing party to the counterclaim.  Reingold appeared and answered to the counterclaim on September 26, 1932.  He contended that he was not affected by the earlier hearings in which he

had participated, nor by the report of the master filed on August 15, 1932, in which the findings were against him and in favor of the asserted counterclaim. He claimed the right to try the issue *de novo* before a jury.

On that theory, Reingold alleged an exception under G. L. (Ter. Ed.) c. 231, § 113 (*Sullivan* v. *Roche*, 257 Mass. 166, 169, 170) to an order recommitting the report for the sole purpose of affording him an opportunity to suggest alterations in it under the practice prescribed by Rule 90 of the Superior Court (1932) for settling the draft of a master's report. After being settled and filed, the report was confirmed, subject to an exception by the defendant Reingold based on the same theory. He likewise excepted to the entry of a final decree, establishing the counterclaim against him in the sum of $10,973.79, with costs. See G. L. (Ter. Ed.) c. 214, § 25A; *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 505.

Reingold waived any right to trial by jury when he went to hearing before the master without having moved for an issue to a jury. *Parker* v. *Nickerson*, 137 Mass. 487, 492. *Young* v. *Duncan*, 218 Mass. 346, 348. Having presented the issue to the master, Reingold was as much bound by the findings as though the counterclaim had been properly pleaded before the hearings instead of being pleaded after the findings were made. The action of the Superior Court was without error.

*Exceptions overruled.*