MARGARET A. KENNEDY *vs.* ARTHUR I. SHAIN & others.

Suffolk. November 14, 1934. — November 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Agency*, Agent's liability to third person. *Conversion. Equity Pleading and Practice*, Counterclaim, Decree.

Where an individual and a corporation each converted certain personal property, and, although the individual was agent of the corporation, he, in making the conversion, "acted throughout in his individual and personal capacity," the individual and the corporation were each liable for the conversion.

In a suit in equity in which it appeared that the plaintiff was entitled to relief against one of the defendants and that another defendant also was entitled to relief against the first defendant under a counterclaim, and there were entered one "final decree" in favor of the plaintiff and another "final decree" in favor of the second defendant, it *was stated* that it would have been better practice to enter a single final decree awarding in separate paragraphs relief both to the plaintiff and to the second defendant.

BILL IN EQUITY, filed in the Superior Court on January 9, 1933, and afterwards amended.

The plaintiff based her claim to the personal property in question upon a mortgage thereof given to her and a foreclosure sale under the mortgage at which she purchased the property.

Sears, Roebuck and Co., a defendant, included in its answer, by way of counterclaim, allegations that it was entitled to certain personal property as vendor under a contract of conditional sale and that the defendants Shain and Fens Realty Company had refused, upon demand, to deliver such property to it, and prayed for appropriate relief accordingly.

The suit was heard by *Swift*, J., who made findings favorable to the plaintiff and to the defendant Sears, Roebuck and Co., but found that it was impossible to order a return of the property, as sought by the plaintiff and that defendant. By his order there were entered a "final decree"

directing the defendants Shain and Fens Realty Company to pay a certain sum, with interest and costs, to the plaintiff, execution to issue therefor; and a "final decree" directing the defendants Shain and Fens Realty Company to pay to the defendant Sears, Roebuck and Co. a certain sum, with interest and costs, execution to issue therefor. The defendants Shain and Fens Realty Company appealed.

The case was submitted on briefs.

*E. I. Brown,* for the plaintiff.

*A. G. Gould & H. Shapiro,* for the defendants Shain and another.

*A. G. Tierney,* for the defendant Sears, Roebuck and Co.

RUGG, C.J. This suit in substance and effect was brought for the equitable replevin of personal property. The case comes before us on appeal from final decrees awarding money damages. There is no report of the evidence but there is a report of material facts under G. L. (Ter. Ed.) c. 214, § 23. In these circumstances the report of material facts must be accepted as true unless containing inconsistent findings, and the decrees must be affirmed if supported by the facts and within the scope of the bill.

The facts pertinent to this decision are these: The plaintiff proved her title to certain household furniture. The defendants Shain and Fens Realty Company each converted the personal property in question. It is contended that Shain was the agent of that corporate defendant as to certain matters. The finding, however, is that Shain in converting the personal property "acted throughout in his individual and personal capacity." The principle which in an action at law relieves an agent of responsibility to third persons when his conduct involves only a duty due solely to his principal arising from the contract of agency, *Coe* v. *Ware,* 271 Mass. 570, 573, has no application to the facts found in the case at bar in respect to the liability of each. Here duty to the plaintiff was violated by each. Am. Law Inst. Restatement: Agency, § 343, c.

Sears, Roebuck and Co., a corporation, was a party defendant. It answered setting up title to certain of the personal property in itself, and asserted that it was en-

titled to recover in its own right possession of that property. For the reasons already stated, both the defendants Shain and the Fens Realty Company were liable to that corporation.

What is entitled in the record "FINAL DECREE" was entered with respect to the bill brought by the plaintiff and another "FINAL DECREE" was entered with respect to the claim of Sears, Roebuck and Co. It would have been better practice to have entered a single final decree awarding in separate paragraphs relief both to the plaintiff and to Sears, Roebuck and Co. *Kingsley* v. *Fall River*, 280 Mass. 395. Rule 32 of the Superior Court (1932). This irregularity does not, however, affect the substantial merits of the case.

*Decrees affirmed with costs.*