COMMISSIONER OF INSURANCE *vs.* BROAD STREET MUTUAL CASUALTY INSURANCE COMPANY.

Suffolk.   March 4, 1940. — June 26, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Equity Pleading and Practice*, Report, Decree, Receivership proceedings.

A decree entitled "Interlocutory Decree on Petition of" the director of the division of unemployment compensation "for Order Directing Contribution," which dismissed such a petition brought against the receiver in receivership proceedings against an insurance company, despite its title was a final decree as to such subject matter and after its entry could not be reported to this court under either § 30 or § 31 of G. L. (Ter. Ed.) c. 214.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on December 28, 1938, for the appointment of a receiver of Broad Street Mutual Casualty Insurance Company.

On September 22, 1939, the director of the division of unemployment compensation filed this petition, which was heard by *Ronan*, J.

*J. J. Leonard*, (*R. Clapp*, Assistant Attorney General, with him,) for the plaintiff.

*J. T. Noonan*, (*H. L. Mason, Jr.*, with him,) for the receiver.

DOLAN, J. This is a petition, brought in the above entitled case by the director of the division of unemployment compensation, in which he seeks to compel the receiver of the defendant company to pay an employer's contribution of $126.55 under the provisions of G. L. (Ter. Ed.) c. 151A, as it appears in St. 1937, c. 421, as amended by St. 1938, c. 163; c. 469; c. 470, and St. 1939, c. 20, § 3. (See also St. 1939, c. 319; c. 374; c. 490.)

The case was heard by a single justice of this court, the material facts having been agreed to. On October 6, 1939, the single justice filed "Findings and Order," wherein he ordered that the petition be dismissed. On October 10 he entered a decree, entitled "Interlocutory Decree on Petition of Unemployment Compensation Commission for Order Directing Contribution"[1] in the following form: "This case came on for hearing on petition of the unemployment compensation commission for an order directing the receiver of Broad Street Mutual Casualty Insurance Company to pay the commission a contribution of $126.55 as provided by" G. L. (Ter. Ed.) c. 151A "and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the petition be, and the same hereby is, dismissed."

On October 23, 1939, the single justice at the request of the petitioner, who does not appear to have appealed, re-

---

[1] A stipulation, signed by the Attorney General and by the receiver of the insurance company, was filed with the clerk of the county court and read as follows: "In the above-entitled cause it is hereby stipulated and agreed between the parties that the words 'Unemployment Compensation Commission' wherever employed or used in the process, pleadings, findings, orders, decisions and briefs shall mean the Director of the Division of Unemployment Compensation, created by Acts of 1939, c. 20, as amending G. L. (Ter. Ed.) c. 23, §§ Nine I to Nine N, inclusive, and that he shall be deemed to be, and taken as, the petitioner in substitution for said Unemployment Compensation Commission." — REPORTER.

ported his findings and order and the "interlocutory" decree entered by him to the full court, and stayed "all further proceedings except such as are necessary to preserve the rights of the parties." The stay of further proceedings is phrased in the language of G. L. (Ter. Ed.) c. 214, § 30, which provides that "If, upon making an interlocutory decree or order, the justice is of opinion that it so affects the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, he may report the question for that purpose, and stay all further proceedings except those necessary to preserve the rights of the parties." Such an order is appropriate to cases where the justice, acting under that section, reports an interlocutory order or decree for the determination of the full court. The section, however, has no application where final decree on the subject matter before the justice has been entered. Section 31 provides that "A justice of either court by whom a case is heard for final decree may reserve and report the evidence and all questions of law therein for the consideration of the full court; and thereupon like proceedings shall be had as upon appeals from final decrees." This section "permits a judge, instead of finishing a case by the formal entry of a final decree from which an appeal may be taken, to reserve and report it for a final decision by the full court." *Hildreth* v. *Thibodeau*, 186 Mass. 83, 85.

In the present case the single justice, having made an interlocutory order that the petition be dismissed, did not, without more, report that action for the determination of the full court, but actually entered the decree dismissing the petition. In the report this decree is described as an interlocutory decree, and the decree itself is so entitled. That the decree was thus denominated is not decisive. "The nature of a paper entered on the record of a court must be determined according to its essential characteristics and not by its name." *Kingsley* v. *Fall River*, 280 Mass. 395, 398. *Beaman-Marvell Co.* v. *Marvell*, 305 Mass. 246, 247. While the petition was entered in the main receivership proceeding, the subject matter presented for

determination was a severable cause, and the decree entered therein was definitive of the rights of the parties, and binding upon them subject to the right of appeal provided by statute. It was "an adjudication final in its nature as to a matter distinct from the general subject of the litigation and affecting only the parties to the particular controversy . . . ." *United States* v. *River Rouge Improvement Co.* 269 U. S. 411, 414. In this respect the case falls within the class of cases described and discussed in *Kingsley* v. *Fall River*, 280 Mass. 395, 399.

It is an "established principle that after the entry of a final decree in equity . . . the case is finally disposed of by the court, subject to such rights of appeal, if any, as the statute gives, and [that] the court has no further power to deal with the case except upon a bill of review." *White* v. *Gove*, 183 Mass. 333, 340. See also *Holyoke National Bank* v. *Dulitzky*, 273 Mass. 125, 127; *Kingsley* v. *Fall River*, 280 Mass. 395, 398; *Prenguber* v. *Agostini*, 289 Mass. 222, 223; *Nelson* v. *Bailey*, 303 Mass. 522, 524–525. In *Kingsley* v. *Fall River*, 280 Mass. 395, at page 398, the court points out certain exceptions to this established principle. None of them, however, is applicable to the present case.

Since the decree entered by the single justice finally determined the crucial interests of the parties with relation to the subject matter presented for adjudication (see *Kingsley* v. *Fall River*, 280 Mass. 395, 398–399, and cases cited) subject to the right of appeal, it follows that after its entry he had no further power to deal with the case. The report must therefore be dismissed.

*Ordered accordingly.*