FRANK X. VINCENT *vs.* MARY ROSE PLECKER & another.

Essex.    March 5, 1946. — May 13, 1946.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Estoppel. Equity Pleading and Practice*, Appeal, Decree. *Words,* "Final decree."

A defendant, who, having no title to a lot of land, obtained a deed of it for consideration with knowledge that the plaintiff intended to buy it and that the plaintiff, after he subsequently had redeemed it from a tax title, believed that he had become the owner of it, was not estopped to claim title as against the plaintiff.

Discussion by LUMMUS, J., of final and interlocutory decrees in equity.

A certain suit in equity respecting the title to land as between the plaintiff and each of two defendants involved two separable controversies, and a decree dismissing the bill as against one of the defendants determined the controversy between the plaintiff and that defendant and was a final decree appealable as such.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated June 20, 1944.

Demurrers to the bill were sustained by *Pinanski*, J.

*R. E. Burke & E. E. Crawshaw*, for the plaintiff, submitted a brief.

*B. J. Lojko*, for the defendant Plecker.

LUMMUS, J.   With some difficulty the material allegations of fact can be extracted from the bill.   On December 31, 1940, the defendant Plecker owned and lived upon a lot on the westerly side of Baker Street in Amesbury, numbered 33 on a certain plan recorded in the registry of deeds.   To the north of that lot were lots numbered 34 and 35 on that plan, both of which had been taken on December 20, 1938, by the town of Amesbury for nonpayment of taxes, but rights of redemption evidently had not been foreclosed, because two years from the taking had scarcely expired. G. L. (Ter. Ed.) c. 60, §§ 65, 79.   The bill does not allege that the plaintiff had any interest in those lots that would

entitle him to redeem.  G. L. (Ter. Ed.) c. 60, § 62, as amended.

About December 31, 1940, the plaintiff told the defendant Plecker that he intended to buy lots 34 and 35, and she pointed out the boundaries to him.  On that day he paid the defendant town $60 and redeemed those lots from the tax taking, receiving from the town treasurer an instrument in the form prescribed by G. L. (Ter. Ed.) c. 60, § 62, as amended, acknowledging satisfaction of the tax for which the lots were taken and held.  Believing, as the defendant Plecker knew he believed, that he was the owner of those lots, he improved them by cultivation for several years, and improved a cow stable and a hog house on one of them.

On May 23, 1944, the defendant Plecker for $10 obtained a deed from the town treasurer, acting on behalf of the defendant town, purporting to convey to her the same two lots.  The defendant Plecker then claimed those lots as against the plaintiff.

The bill prays for a cancellation of the deed to the defendant Plecker, and for a declaration that neither she nor the defendant town has any title.

Each defendant demurred to the bill, and the demurrers were sustained by an interlocutory decree entered June 4, 1945.  The plaintiff appealed "from the interlocutory decree . . . whereby the demurrer of the defendant Plecker was sustained."  On December 13, 1945, a decree, called a final decree, was entered, dismissing the bill "as to the defendant Mary Rose Plecker."  Why the bill was not dismissed in its entirety, we cannot imagine.  The plaintiff appealed from that last mentioned decree.

The case against the defendant Plecker is based primarily upon estoppel.  If she had owned the two lots in question, and had knowingly permitted the plaintiff to buy them from the town, without disclosing her own title, doubtless she would be estopped to set up her title against him.  *Raldne Realty Corp.* v. *Brooks*, 281 Mass. 233.  *Looney* v. *Trimount Theatres, Inc.* 282 Mass. 275.  But at the time the defendant Plecker had no title.  She had no concern with the sort of title the plaintiff intended to acquire.  If he should acquire

a poor title, nothing in her conduct estopped her to acquire a better one and dispossess him. Moreover, on the allegations of the bill, he never acquired any title but merely discharged a tax taking. Whether the defendant Plecker herself acquired any title is not before us. But her demurrer was rightly sustained.

The bill does not disclose any right to relief against the defendant town, unless it be to have corrected a mistake in the description of the lots in the instrument given to the plaintiff by the town treasurer, which instrument appears to have been incapable of conveying title to the plaintiff even when corrected. No joint wrong on the part of the defendants is alleged. But so long as the bill remains alive as against the defendant town, it may possibly be amended. G. L. (Ter. Ed.) c. 231, §§ 51, 52, 144. *Merchants' Bank* v. *Stevenson*, 7 Allen, 489. Rule 23 of the Superior Court (1932).

The so called final decree dismissed the bill "as to the defendant Mary Rose Plecker," and said nothing about the defendant town of Amesbury. In *Rubenstein* v. *Lottow*, 220 Mass. 156, 161, we said that where in a suit in equity "one of several claims is not allowed, the proper way of dealing with it is to dismiss the bill so far as that claim is concerned or not to refer to it in the decree at all." See also *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad*, 164 Mass. 222; *Faulkner* v. *Lowell Trust Co.* 285 Mass. 375, 377. Whether a decree dealing with one defendant could ever impliedly though irregularly dismiss the bill as to another need not be considered, for in this case the implication from the decree is that the bill is retained against the defendant town.

Our jurisdiction is based upon an appeal from the decree that dismissed the bill as to one defendant while retaining it as against the other. Even if that decree was not final but interlocutory, it was of course appealable, like the interlocutory decree sustaining the demurrers, under G. L. (Ter. Ed.) c. 214, § 26. But if merely interlocutory, an appeal from it would lie dormant until brought up with an appeal from the final decree, and could not be brought

here by itself. [1]  *Orth* v. *Paramount Pictures, Inc.* 311 Mass. 580.  *Lowell Bar Association* v. *Loeb,* 315 Mass. 176, 187, 188.  Since no further decree has been entered, unless the decree dismissing the bill as to the defendant Plecker was itself a final decree, the case is not properly before us at this time upon an appeal from that decree.  Therefore we must consider whether that decree was a final decree appealable as such under G. L. (Ter. Ed.) c. 214, § 19.

An attempt to draw conclusions from the mere words "final decree" may lead to confusion.  Indeed, no simple yet precise test has ever been found by which to distinguish between final and nonfinal, or interlocutory, decrees.  *United States* v. *243.22 Acres of Land in Town of Babylon,* 129 Fed. (2d) 678, 680.  Usually, it is true, a suit in equity ought to end in a single decree that "is a definitive determination of the rights and liabilities of the parties with respect to the controversy presented by the pleadings" and "exhausts the power of the court over the merits of that controversy," with certain recognized exceptions.  *Lowell Bar Association* v. *Loeb,* 315 Mass. 176, 188, and cases cited. *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52, 55.  *Kennedy* v. *Shain,* 288 Mass. 458, 460.  *Monotype Composition Co. Inc.* v. *Kiernan, ante,* 456.  But no invariable rule to that effect is implied in the words "final decree."  The word "final" denotes merely a decision, or at least a disposition, subject to appeal, of a particular controversy, and contains no implication that no further judicial action can or will be taken in the case.  Frequently supplementary decrees are required, and these may themselves be additional final decrees and appealable as such.  *Seder* v. *Kozlowski,* 311 Mass. 30, 33, 36, 40.  *General Heat & Appliance*

---

[1] The policy underlying this rule of practice is that a party ought not to have the power to interrupt the progress of the litigation by piecemeal appeals that cause delay and often waste judicial effort in deciding questions that will turn out to be unimportant.  *Fuller* v. *Chapin,* 165 Mass. 1.  *Weil* v. *Boston Elevated Railway,* 216 Mass. 545, 547.  *John Gilbert Jr. Co.* v. *C. M. Fauci Co.* 309 Mass. 271, 273.  *Catlin* v. *United States,* 324 U. S. 229, 233, 234. If an immediate decision of an interlocutory matter would really advance the litigation, the judge is authorized by G. L. (Ter. Ed.) c. 214, § 30, to report it.  *Commissioner of Insurance* v. *Broad Street Mutual Casualty Ins. Co.* 306 Mass. 362.

*Co.* v. *Goodwin,* 316 Mass. 3, 5. *Godard* v. *Babson-Dow Manuf. Co., ante,* 345.

Even apart from such supplementary decrees, it is not true that every suit in equity must end in a single final decree.[1] Where there is but a single controversy in the case, it is true that a decree that leaves a part of that controversy undecided or that leaves undecided the rights and liabilities of one or more of the parties to it, is interlocutory and not final. *Kingsley* v. *Fall River,* 280 Mass. 395, 398 399. *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52, 55. *Cummings* v. *Tolman,* 292 Mass. 58, 60. *Leffler* v. *Todd,* 308 Mass. 243. *Collins* v. *Miller,* 252 U. S. 364, 370. *Arnold* v. *W. B. Guimarin & Co.* 263 U. S. 427, 434. *United States* v. *Florian,* 312 U. S. 656, reversing *Florian* v. *United States,* 114 Fed. (2d) 990. *Baker* v. *Old National Bank,* 91 Fed. 449. *Bush* v. *Leach,* 22 Fed. (2d) 296. *Atwater* v. *North American Coal Corp.* 111 Fed. (2d) 125. *Kuhn* v. *Canteen Food Service, Inc.* 150 Fed. (2d) 55. *Boxwell* v. *Greeley Union National Bank,* 89 Colo. 574, 80 Am. L. R. 1179, and note. There is, however, an exception to that rule.[2]

But a suit in equity may comprise many distinct and unrelated controversies, each separable from the others. Striking instances of separable controversies occur in receivership proceedings in which intervening petitions present a wide variety of controversies that have no relation to the case made by the bill and little or no relation to each other except that they concern in some way the assets of the receivership. A decree that determines one of such obviously

---

[1] In some cases two decrees irregularly entered as separate decrees have been read together as constituting a single final decree. *Kennedy* v. *Shain,* 288 Mass. 458, 460. *Monotype Composition Co. Inc.* v. *Kiernan, ante,* 456.

[2] Though part of a single controversy remains undetermined, if the decree is to be executed presently, so that appeal would be futile unless the decree could be vacated by the prompt entry of an appeal in the full court, the decree is a final one. *Rogers* v. *Boston Club,* 205 Mass. 261, 265. *Shannon* v. *Shepard Manuf. Co. Inc.* 230 Mass. 224, 229. *Vorenberg* v. *American House Hotel Co.* 246 Mass. 108. *Turner* v. *State Wharf & Storage Co.* 263 Mass. 92. *Degnan* v. *Maryland Casualty Co.* 271 Mass. 427, 430. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 213. *Kingsley* v. *Fall River,* 280 Mass. 395, 401. *Beacon Oil Co.* v. *Maniatis,* 284 Mass. 574. *Boston* v. *Santosuosso,* 308 Mass. 202, 204, 205. *General Heat & Appliance Co.* v. *Goodwin,* 316 Mass. 3. *Chase* v. *Driver,* 92 Fed. 780. *Maas* v. *Lonstorf,* 166 Fed. 41, 44, 45. *Kasishke* v. *Baker,* 144 Fed. (2d) 384. Compare *Meier* v. *First Citizens Bankers Corp.* 301 Mass. 410.

separable controversies is a final decree. *Rogers* v. *Boston Club*, 205 Mass. 261, 265. *Cambridge Savings Bank* v. *Clerk of Courts*, 243 Mass. 424. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 213, *S. C.* 281 Mass. 173, 174. *Check* v. *Kaplan*, 280 Mass. 170, 175, 176. *Kingsley* v. *Fall River*, 280 Mass. 395, 399, 400. *Boston* v. *Lynch*, 304 Mass. 272, 274. *Commissioner of Insurance* v. *Broad Street Mutual Casualty Ins. Co.* 306 Mass. 362. *Central Trust Co.* v. *Grant Locomotive Works*, 135 U. S. 207, 224, 225. *Odell* v. *H. Batterman Co.* 223 Fed. 292. *Rubert Hermanos, Inc.* v. *Puerto Rico*, 118 Fed. (2d) 752, 757.

Separable controversies are not always so obviously separable, and borderline cases may be hard to classify. But this case is not a borderline case. It falls within the rule that where the liability of one defendant is not dependent upon or intertwined with that of another, but is independent, a decree dismissing the bill as against him is a final decree determinative of the separable controversy between him and the plaintiff, and is appealable as such.[1] *Hill* v. *Chicago & Evanston Railroad*, 140 U. S. 52. *Reeves* v. *Beardall*, 316 U. S. 283. *Curtis* v. *Connly*, 264 Fed. 650, affirmed 257 U. S. 260. *McGill* v. *Commercial Union Assurance Co. Ltd.* 5 Fed. (2d) 589. *Thompson* v. *Murphy*, 93 Fed. (2d) 38. *Zarati Steamship Co.* v. *Park Bridge Corp.* 154 Fed. (2d) 377.

The interlocutory decree sustaining the demurrer of the defendant Plecker is affirmed. The final decree dismissing the bill as to her is affirmed with costs.

*So ordered.*

---

[1] For Massachusetts cases, see *Hutchins* v. *Nickerson*, 212 Mass. 118; *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41; *Lonnqvist* v. *Lammi*, 242 Mass. 574; *Barringer* v. *Northridge*, 266 Mass. 315, 318; *Kingsley* v. *Fall River*, 280 Mass. 395, 399, 400; *Foley* v. *Commissioner of Banks*, 292 Mass. 83, 84.

The separability of controversies is important also in the removal of cases to the Federal courts. *Geer* v. *Mathieson Alkali Works*, 190 U. S. 428. *Gainesville* v. *Brown-Crummer Investment Co.* 277 U. S. 54. *Pullman Co.* v. *Jenkins*, 305 U. S. 534. *Atlantic National Bank* v. *Hupp Motor Car Corp.* 300 Mass. 196, 200, 201. It was once important also for the purpose of permitting appeal by one of several parties without summons and severance, under the earlier Federal practice. *Hartford Accident & Indemnity Co.* v. *Bunn*, 285 U. S. 169. *Elliot* v. *Lombard*, 292 U. S. 139. *United States* v. *Fidelity & Deposit Co.* 295 U. S. 719. Likewise it is important in determining whether a defence made by one defendant benefits other defendants. *Pofcher* v. *Fisher*, 272 Mass. 78, 83.