MARGARET T. TWOMEY *vs.* LOUISE M. ROY & others. November 2, 1946. The orders and decrees appealed from are affirmed, including the final decree, which is affirmed with costs of the appeal. This bill rests upon alleged fraudulent misrepresentations of the defendants as to the condition of an elevator on premises sold by one of the defendants to the plaintiff. A master has made a detailed report reaching the conclusion that there was neither misrepresentation nor concealment by any of the defendants. The master was not ordered to report the evidence and very properly has not done so. *Smith* v. *Lloyd*, 224 Mass. 173, 174. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 406. None of the evidence could be reported under Rule 90 of the Superior Court (1932) because, among other reasons, no written request therefor was presented to the master with the objections to his report. The evidence, therefore, could not be made part of the printed record, as the plaintiff insisted it should be. Recommittal to the master for further detail in the findings was discretionary with the judge. *Epstein* v. *Epstein*, 287 Mass. 248, 254. *Buckley* v. *John*, 314 Mass. 719, 725. No necessity for it appears. Exceptions to the master's report based upon alleged inconsistencies in the findings cannot prevail. There is no inconsistency. The subsidiary findings support the conclusions. An exception based upon failure to make a finding was rightly overruled. *Carleton & Hovey Co.* v. *Burns*, 285 Mass. 479, 483. It follows that there was no error in refusing to recommit the case or in overruling the exceptions to the master's report, which thereupon became binding upon the judge and required the final decree dismissing the bill. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431, 435. *Norton* v. *Chioda*, 317 Mass. 446, 450. *De Angelis* v. *Palladino*, 318 Mass. 251, 256. Various motions made by the plaintiff after the final decree should in strictness have been dismissed rather than denied, since the court had no jurisdiction to entertain them. *White* v. *Gove*, 183 Mass. 333, 340. *Commissioner of Insurance* v. *Broad Street Mutual Casualty Ins. Co.* 306 Mass. 362, 365. *Amory* v. *Assessors of Boston*, 309 Mass. 162, 163. The result, however, is the same.

*M. T. Twomey, pro se.*

*W. J. Griffin, for the defendants.*